THE STATE EX REL. VAUGHN ET AL., APPELLANTS,

*v.* MONEY, WARDEN, ET AL., APPELLEES.

[Cite as *State ex rel. Vaughn v. Money,* 104
Ohio St.3d 322, 2004-Ohio-6561.]

(No. 2004–1184—Submitted November 30, 2004—Decided December 15, 2004.)

**Per Curiam.**

{¶ 1} In February 1985, appellant Angelo Vaughn was convicted of murder and sentenced to a term of 15 years to life in prison. Vaughn's murder sentence was to be served consecutively to a two-year definite sentence for another crime. In January 2002, the Ohio Parole Board denied Vaughn parole and set his next parole hearing for October 2004.

{¶ 2} In November 1988, appellant George Henderson was convicted of aggravated murder and sentenced to life in prison. In October 2001, the parole board denied Henderson parole and set his next parole hearing for September 2011.

{¶ 3} In June 1990, appellant Nathaniel Kimbro was convicted of murder and a gun specification and sentenced to an aggregate prison term of 18 years to life. In April 2003, the parole board denied Kimbro parole and set his next parole hearing for June 2005.

{¶ 4} On September 25, 2003, appellants, Vaughn, Henderson, and Kimbro, filed a complaint in the Court of Appeals for Franklin County for a writ of mandamus to compel appellees, their prison warden, their prison-records supervisor, and the Ohio Adult Parole Authority, to set earlier parole-hearing dates to reflect the good-time credits earned by each of them. Appellees moved to dismiss appellants' mandamus complaint. On November 6, 2003, appellants moved to amend their complaint to include an April 2001 affidavit of a parole-board official that stated that an inmate's initial parole hearing is determined by the minimum sentence, which is reduced by both jail-time and good-time credit. Appellants also requested summary judgment. Appellees moved to dismiss appellants' amended complaint. On June 24, 2004, the court of appeals granted appellees' motion and dismissed the case.

{¶ 5} Appellants assert that the court of appeals erred in dismissing their mandamus claim. Appellants claim entitlement to the requested extraordinary relief in mandamus based on the good-time provisions of former R.C. 2967.19. Am.Sub.H.B. No. 571, 145 Ohio Laws, Part IV, 6342, 6437. These provisions apply to appellants because they were sentenced before July 1, 1996. R.C. 2967.021. See, also, Section 5 of S.B. No. 2, 146 Ohio Laws, Part IV, 7136, as amended by Section 3 of Am.Sub.H.B. No. 269, 146 Ohio Laws, Part VI, 11,099.

{¶ 6} Former R.C. 2967.19 provided the following good-time credit to be applied to an inmate's minimum or definite sentence:

{¶ 7} "(A) * * * [A] person confined in a state correctional institution is entitled to a deduction from his minimum or definite sentence of thirty per cent of the sentence, prorated for each month of the sentence during which he faithfully has observed the rules of the institution. * * *

{¶ 8} "(B) * * * [A] person confined in a state correctional institution who is serving a sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment imposed pursuant to section 2929.022 or 2929.03 of the Revised Code and who is not eligible for parole before serving twenty years of imprisonment under that sentence, is entitled, for faithfully observing the rules of the institution, to a diminution of thirty per cent of the time that is required to be served before parole eligibility * * *."

{¶ 9} Former R.C. 2967.19 applies to allow earlier parole eligibility. See former R.C. 2967.13(A), Am.Sub.H.B. No. 571, 145 Ohio Laws, Part IV, 6342, 6430 ("A prisoner serving a sentence of imprisonment for a felony for which an indefinite term of imprisonment is imposed becomes eligible for parole at the expiration of his minimum term, diminished as provided in sections 2967.19, 2967.193, and 5145.11 of the Revised Code"); see, also, former R.C. 2967.13(C); *Gavrilla v. Leonard,* Ross App. No. 01CA2638, 2002-Ohio-6144, 2002 WL 31522443, ¶ 12 ("The reasoning for [former R.C. 2967.19] reducing the minimum, rather than the maximum, sentence is * * * clear: the intent was to enable earlier *parole eligibility,* not to allow prisoners to unilaterally shorten their court-imposed sentence" [emphasis sic] ).

{¶ 10} Nothing in former R.C. 2967.19, however, warrants continued application of good-time credits to an inmate who has already been afforded a parole hearing. See *State ex rel. Perry v. Ohio Adult Parole Auth.,* Franklin App. No. 03AP–1277, 2004-Ohio-4039, 2004 WL 1728603, ¶ 6 ("Former R.C. 2967.19 provides for 'good time' credit solely for purposes of acceleration of the date that an offender is first eligible for parole; the statute does not provide for additional 'good time' credit to be earned or awarded thereafter, regardless of an offender's institutional record"). A contrary construction of former R.C. 2967.19 might result in inmates receiving more than the 30 percent reduction in their minimum

or definite sentences, which is expressly prohibited by former R.C. 2967.19(F). Am.Sub.H.B. No. 571, 145 Ohio Laws, Part IV, 6342, 6439.

{¶ 11} Moreover, even assuming that appellants were not granted all of the good-time credit to which they were entitled in setting their initial parole hearings, the board has now held those hearings. Because former R.C. 2967.19 relates only to the date of the initial parole hearing, mandamus would not compel anything that appellants have not already received. "Mandamus will not issue to compel a vain act." *State ex rel. Cotton v. Ghee* (1998), 84 Ohio St.3d 54, 55, 701 N.E.2d 989. Appellants' claim regarding the alleged increase in Henderson's minimum sentence is similarly meritless.

{¶ 12} Finally, the court of appeals committed no error in denying appellants' motion to amend their complaint. Like their complaint, appellants' proposed amended complaint raised no meritorious claim.

{¶ 13} Based on the foregoing, appellants have no clear legal right to additional good-time credits under former R.C. 2969.19 and appellees have no corresponding clear legal duty to provide these credits. Neither appellants' complaint nor their purported amended complaint had merit. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

PFEIFER, J., concurs in judgment only.

---

Angelo Vaughn, George A. Henderson, and Nathaniel Kimbro Jr., pro se.

Jim Petro, Attorney General, and Philip A. King, Assistant Attorney General, for appellees.