JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Rolando Muniz appeals from his conviction after a jury found him guilty of the first-degree misdemeanor offense of child endangering in Parma Municipal Court.
 {¶ 2} Appellant presents four assignments of error, claiming that the trial court: 1) should have granted his motion to suppress evidence due to an improper police entry into his apartment; 2) should have granted his motion to dismiss the charge for failure to comply with statutory speedy trial requirements; 3) should have granted his motion for acquittal; and 4) should have ordered him to pay only half the court costs associated with his trial.
 {¶ 3} This court agrees with none of appellant's claims. Therefore, his conviction and the trial court's orders are affirmed. *Page 2 
 {¶ 4} Appellant was arrested as a result of an incident that occurred at approximately 11:30 p.m. on December 29, 2004, when the Brooklyn, Ohio police department received a call to respond to an apartment complex on a domestic violence complaint.
 {¶ 5} The officers arrived at the location and they were met by the complainant, L.V.[1] She was visibly upset, crying, and nursing a good-sized bloody scrape on one of her elbows. She claimed that appellant, the father of her three-year old daughter, had "thrown her out"[2] of their apartment after a physical fight in which a glass bottle of beer had been thrown and broken and "glass was everywhere." She further stated appellant had their daughter inside with him, and L.V. was afraid for the girl's safety since appellant was so angry.
 {¶ 6} The officers went into the building with L.V., but made her wait on a lower landing while they went up the last flight of stairs to the apartment door. Appellant answered their knock with his daughter slung over one arm. She was crying, pressed to his side, facing forward, and stark naked. Appellant smelled of beer, swayed as he stood there, and had blood on his hands.
 {¶ 7} Believing appellant was drunk, the officers demanded that he put the girl down. Appellant acted in a belligerent manner and took some time to comply. *Page 3 
However, once he had done so, he was arrested and charged with child endangering.
 {¶ 8} A sweep of the premises tended to support L.V.'s complaint, so after appellant was transported, the officers recommended that she proceed to seek further action with respect to the domestic violence charge. L.V. thus eventually
 {¶ 9} made a written statement about the incident, and appellant later was charged with domestic violence in a separate case.
 {¶ 10} After entering a not guilty plea to the charge in the instant case, appellant filed a motion for a jury trial. He also filed motions for continuance of trial, originally set for April 12, 2005.
 {¶ 11} On March 24, 2005 a new attorney entered an appearance on appellant's behalf. The trial court issued a journal entry that noted this fact, further noted the court was unavailable for trial as originally set, and reset the trial date for May 6, 2005.
 {¶ 12} New counsel filed a motion to suppress evidence; since it is not in the file, its filing date cannot be ascertained. However, on April 5, 2005 the court issued a journal entry noting its filing, together with the court's intent to proceed with trial on the scheduled date.
 {¶ 13} Despite the court's intention, the next journal entry, filed April 29, acknowledges the case would have to be continued. Thereafter, appellant *Page 4 
requested continuances after each additional pre-trial, until the motion finally could be heard on September 12.
 {¶ 14} Following the hearing on appellant's motion to suppress evidence, the trial court issued its journal entry and opinion on October 21. The motion was denied. Subsequently, the case was set for trial on January 10, 2006.
 {¶ 15} On December 12, 2005 appellant filed a motion to dismiss the case, arguing that the complaint was insufficient to fully apprise him of the wrongful conduct. On December 28, 2005 the trial court issued a journal entry and opinion denying this motion.
 {¶ 16} As a result of appellant's additional motion for a continuance of trial, trial was re-scheduled for March 21, 2006. By that time, appellant filed a motion to dismiss on speedy trial grounds. The court considered the motion on the record before denying it and proceeding with jury selection.
 {¶ 17} The jury heard the testimony of the two officers who responded to the scene, and of the now-reluctant witness L.V. Since her testimony differed from her earlier account of the incident, she was required to read her written statement out loud to the jury.
 {¶ 18} The jury acquitted appellant of the domestic violence charge, but found him guilty of child endangering. Prior to sentencing, appellant filed a motion for a new trial. The court denied the motion, and, on June 19, 2006, sentenced him as *Page 5 
follows: 90 days in jail, with credit for time (one day) served and 89 days suspended, a $500 fine and court costs with $400 suspended and time to pay, and two years of inactive probation.
 {¶ 19} Appellant presents four assignments of error for this court's review. In his first, he asserts the police officers had no reason to enter his apartment; therefore, the trial court should have granted his motion to suppress evidence. This assertion lacks merit.
 {¶ 20} The officers had a complaint of domestic violence, along with a complainant whose appearance corroborated the claim, and who expressed a fear that her daughter might be in danger; thus, they were under a duty to investigate. State v. Wyatt, Summit App. No. 22070, 2004-Ohio-6546. When appellant answered the door, he appeared to be drunk and had blood on his hands. Furthermore, he was carrying his crying daughter, who was completely naked on that December night, in a very cavalier fashion, and confronted the officers in a belligerent manner.
 {¶ 21} These facts provided the officers with probable cause to enter the apartment and to arrest appellant for child endangering. State v.Bugaj, Belmont App. No. 06-BE-27, 2007-Ohio-967. At that point, L.V. gave them permission to check the premises, the state of which corroborated her version of what happened that night. *Page 6 
 {¶ 22} In the context of the previous observation, appellant's third assignment of error also will be addressed. He argues therein that the evidence was insufficient to prove the offense of child endangering; therefore, the trial court should have granted his motion for acquittal.
 {¶ 23} A motion for acquittal should be denied if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt.State v. Bridgeman (1978), 55 Ohio St.2d 261; State v. Dennis,79 Ohio St.3d 421, 1997-Ohio-372. The trial court is required to view the evidence and all reasonable inferences therefrom in a light most favorable to the prosecution. State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 24} According to the testimony presented at trial, appellant on that night was both inebriated and angry. While in this state, he engaged in a physical altercation with the child's mother, threw a glass bottle that shattered and scattered glass "everywhere" in the child's room, then, before the mother could dress the child and remove her from the situation, threw the mother out of the premises.
 {¶ 25} The officers arrived to find appellant still belligerent and bleeding from a cut, the child naked, and the child carried in a manner that suggested appellant had small consideration for her comfort, let alone her safety. *Page 7 
 {¶ 26} This court is required to view the evidence in a manner most favorable to the prosecution. In this light, appellant, by being drunk, physically abusive, and preventing the mother from protecting the child, either from the broken glass, the elements, or himself, violated a duty of care and created a substantial risk to the child's safety. Cf.,Cleveland v. Kazmaier, Cuyahoga App. No. 84290, 2004-Ohio-6420. Thus, the evidence was sufficient to establish the elements of R.C.2919.22(A), and the trial court did not err in denying appellant's motion for acquittal.
 {¶ 27} For the foregoing reasons, appellant's first and third assignments of error are overruled.
 {¶ 28} In his second assignment of error, appellant claims his statutory right to speedy trial was violated. Appellant makes this claim without any specific references either to the number of times he filed requests for continuance or to the days the trial court required to rule on his motions.
 {¶ 29} During the hearing on appellant's motion, on the other hand, the trial court took pains to calculate the time. It first acknowledged appellant spent a night in jail. The court then stated that on December 30, 2004, appellant "executed a Waiver of Time form," which was "Journalized" and had no expiration date. Appellant made no challenge to this statement. The court further noted appellant subsequently had filed motions for continuance in the other case as well as in this one. *Page 8 
 {¶ 30} The court determined that since the cases were "companion cases," the "clocks run together," thus, only 45 days had expired by January 10, 2005. Thereafter, appellant's additional motions caused the trial to be timely pursuant to R.C. 2945.72. State v. Stevens, Cuyahoga App. No. 87693, 2006-Ohio-5914.
 {¶ 31} The record of this case on appeal does not include the file of the case in which appellant was acquitted. Under these circumstances, this court can neither gainsay the trial court's calculations nor sustain appellant's speedy trial claim.
 {¶ 32} Accordingly, his second assignment of error also is overruled.
 {¶ 33} Appellant's argument in his fourth assignment of error, viz., that he should not have been charged court costs for the other case, similarly, cannot be reviewed. Moreover, appellant presents no legal authority to support his position.
 {¶ 34} Consequently, appellant's fourth assignment of error also is overruled.
 {¶ 35} Appellant's conviction is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence
A certified copy of this entry shall constitute the mandate pursuant to *Page 9 
Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, PRESIDING JUDGE
MARY J. BOYLE, J., CONCURS CHRISTINE T. McMONAGLE, J., DISSENTS WITH SEPARATE DISSENTING OPINION
[1] To protect her privacy, the complainant is referred to by her initials.
[2] Quotes indicate testimony given at trial.