[Cite as *State v. Howard*, 2011-Ohio-1346.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 09 BE 31 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| DEMITRIEUS HOWARD, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:          Criminal Appeal from Common Pleas
                                   Court, Case No. 02 CR 108.

JUDGMENT:                          Affirmed.

APPEARANCES:
For Plaintiff-Appellee:            Attorney Chris Berhalter
                                   Prosecuting Attorney
                                   147-A W. Main Street
                                   St. Clairsville, OH 43950

For Defendant-Appellant:           Demitrieus Howard, Pro-se
                                   #261-820
                                   Noble Correctional Institute
                                   136 West Main Street
                                   St. Clairsville, OH 43950

JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich

Dated: March 15, 2011

DeGenaro, J.

**{¶1}** Pro-se appellant, Demitrieus Howard, appeals the November 16, 2009 decision of the Belmont County Court of Common Pleas, denying Howard's motion to correct the record to reflect an earlier parole eligibility hearing date. The trial court noted that the passage of a subsequent parole hearing mooted the issue.

**{¶2}** On appeal, Howard argues that the eventual occurrence of his parole hearing did not moot the issue of whether a miscalculation of his good-time credit erroneously delayed his hearing date from May to September of 2009, because the alleged error caused an increase in his sentence. Howard further argues that the issue is not moot because he believes that the parole board's subsequent decision was retaliatory in prolonging his sentence. Howard also argues that appointed counsel was ineffective in assisting him on his motion.

**{¶3}** Because Howard did have a parole hearing, it is now moot whether there was an error in calculating the first date he was eligible to have a hearing scheduled. Further, any potential error in setting a hearing date did not affect Howard's sentence, as having a hearing does not guarantee that parole, in fact, will be granted. Finally, Howard was not denied his right to the effective assistance of counsel. Accordingly, the trial court's decision is affirmed.

### Facts and Procedural History

**{¶4}** In July of 1992, after a jury found him guilty of aggravated murder and a firearm specification, Howard was sentenced to life imprisonment, with parole eligibility after serving twenty years, and three years actual incarceration on the firearm specification. Howard's conviction and sentence were affirmed in *State v. Howard* (Feb. 27, 1995), 7th Dist. No. 92-B-44. After notification that his first parole eligibility hearing date would be changed from May to September of 2009, due to a clerical error regarding good-time credit, Howard filed a motion to correct the record to reflect an earlier parole hearing date. On July 27, 2009, the trial court held a hearing on Howard's motion, appointed counsel, ordered counsel to prepare a proposed record correction, and

scheduled an additional hearing on the matter for September 21, 2009. After multiple continuance requests by defendant's counsel, the matter was scheduled for a hearing on November 2, 2009. The record does not indicate that the hearing occurred. On November 16, 2009 the trial court denied Howard's motion, noting that his first parole hearing had been held, mooting the issue.

### Effect of Parole Hearing on Alleged Mistake in "Good-Time" Credit

{¶5} In his first of two assignments of error, Howard asserts:

{¶6} "Trial courts dismissal of action was abuse of discretion." [sic]

{¶7} Howard argues that the delay in his first parole eligibility hearing was not rendered moot by the subsequent hearing, because the mistake in "good-time" credit caused him to be sentenced to an additional three months in prison, and because the subsequent hearing resulted in a retaliatory denial of parole. Howard also argues that the trial court committed reversible error by not holding a hearing on Howard's motion.

{¶8} Former R.C. 2967.19, in effect at the time of Howard's sentencing, allows the use of good-time credit to reduce a defendant's minimum or definite sentence, so that he may accelerate his eligibility for parole. *State ex rel. Vaughn v. Money*, 104 Ohio St.3d 322, 2004-Ohio-6561, 819 N.E.2d 681, at ¶9. However, it ceases to apply once a defendant has served his minimum sentence and has been afforded a parole hearing. Id. at ¶10. This is because the statute works to "enable earlier *parole eligibility*, not to allow prisoners to unilaterally shorten their court-imposed sentence." [emphasis sic] Id. at ¶9, quoting *Gavrilla v. Leonard*, 4th Dist. No. 01CA2638, 2002-Ohio-6144, at ¶12.

{¶9} Howard does not explain the reason why the calculation of his good-time credit and corresponding delay of the date of his first hearing were erroneous. Moreover, he has conflated *eligibility* for parole with *granting* parole. He is attempting to unilaterally shorten his sentence which is prohibited by *Vaughn.* Regardless, whether or not the calculation was erroneous, it only affected how soon Howard's hearing was set; it did not affect the length of his sentence.

{¶10} Because Howard's motion only related to the date on which he should be afforded his first parole eligibility hearing and the hearing has been held, the issue is

moot. See *Vaughn* at ¶11. Because the trial court correctly determined that the issue was moot, there was no reason for the trial court to hold a hearing on Howard's motion.

**{¶11}** Howard also argues that the parole board's decision to deny parole was intended as punishment for Howard's filing of the motion to correct the record. Because Howard has provided no support for this bald allegation his argument is meritless. Additionally, Howard argued this exact issue in a Section 1983 claim against a Parole Officer at the Ohio Adult Parole Authority, and Howard's action was dismissed upon the defendant's motion. *Howard v. Kovach* (Aug. 4, 2010), S.D.Ohio No. 2:09-CV-1057. Howard is estopped from raising this same issue in the present case. See *Ferante v. Peters*, 8th Dist. No. 90427, 2008-Ohio-3799, at ¶21, quoting *Bell v. Ohio State Bd. of Trustees*, 10th Dist. No. 06AP-1174, 2007-Ohio-2790, at ¶35 ("[W]here the identical issues raised by a plaintiff's state court complaint have been previously litigated in federal court, the doctrine of collateral estoppel precludes litigation of those same issues.")

**{¶12}** There was no error in the trial court's dismissal of Howard's motion or its failure to hold a hearing, and Howard's remaining argument is not relevant to the merits of the trial court's decision. Accordingly, Howard's first assignment of error is meritless.

### Ineffective Assistance of Counsel

**{¶13}** In his second assignment of error, Howards asserts:

**{¶14}** "Denied effective assistance of counsel." [sic]

**{¶15}** In order to prove an allegation of ineffective assistance of counsel, an appellant must satisfy the two-pronged test provided in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. The appellant must prove that counsel's performance fell below an objective standard of reasonable representation, and that the appellant was prejudiced by counsel's deficient performance. Id. at 687; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, at paragraph two of syllabus. In order to prove that he was prejudiced, the appellant must prove that the outcome of his proceedings would have been different were it not for counsel's deficient performance. *Bradley* at paragraph three of the syllabus.

**{¶16}** Howard alleges that his appointed counsel's performance was deficient because counsel failed to communicate with Howard prior to the trial court's November 16, 2009 decision, and that counsel did "not even submit any brief, claim, defense, anything." Howard's claims of deficiency are vague and unspecified, which does not overcome the presumption that counsel acted competently. *State v. Otte* (1996), 74 Ohio St.3d 555, 566, 660 N.E.2d 711. Howard has therefore failed to satisfy the first prong of *Strickland*.

**{¶17}** Additionally, Howard has not provided any proof to support the claim that appointed counsel would have been able to affect the trial court's dismissal of Howard's motion as moot, apart from his belief that "the evidence could have shown otherwise." There is nothing in the record to indicate that the outcome of the proceedings on Howard's motion would have been any different had appointed counsel been more active in communicating with Howard or submitting arguments to the trial court on Howard's behalf. Howard has therefore failed to satisfy the second prong of *Strickland*. Because Howard has not met his burden of proving counsel's deficient performance or resulting prejudice, his second assignment of error is meritless.

**{¶18}** Given the foregoing, the trial court properly dismissed Howard's motion to correct the record as moot, and Howard was not denied effective assistance of counsel. Accordingly, the judgment of the trial court is affirmed.

Waite, P.J., concurs.

Vukovich, J., concurs.