[Cite as *Johnson v. Robinson*, 2016-Ohio-3366.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| EDGAR JOHNSON, | : | |
| Petitioner-Appellant, | : | Case No. 14CA3460 |
| v. | : | DECISION AND JUDGMENT ENTRY |
| NORM ROBINSON, WARDEN, | : | |
| Respondent-Appellee. | : | RELEASED: 06/08/2016 |

APPEARANCES:

Edgar Robinson, pro se appellant.

Michael DeWine, Ohio Attorney General, M. Scott Criss, Assistant Attorney General, and Paul Kerridge, Assistant Attorney General, Columbus, Ohio for appellee.

Hoover, J.

{¶ 1} Petitioner-appellant Edgar Johnson ("Johnson") appeals a decision from the Ross County Common Pleas Court that dismissed his petition for writ of habeas corpus. In his petition, Johnson sought immediate release from Chillicothe Correctional Institution ("CCI"), naming the warden, Norm Robinson ("Robinson"), as the respondent. In response, Robinson filed a Civ.R. 12(B)(6) motion to dismiss Johnson's petition, and in the alternative, a motion for summary judgment.

{¶ 2} The Ross County Common Pleas Court granted Robinson's motion to dismiss. In its decision, the trial court based its ruling on both procedural defects and the substantive merits of Johnson's petition. The trial court found that Johnson had failed to file (1) a statement that sets forth the balance in his inmate account for each of the preceding six months and (2) an asset

disclosure form, as required by R.C. 2969.25(C) when an inmate seeks a waiver of the requirement of prepayment of filing fees. The trial court also concluded that because Johnson's maximum prison term had not expired, he was not entitled to immediate release. Accordingly, the trial court dismissed Johnson's petition.

{¶ 3} Here on appeal, Johnson presents four assignments of error, arguing that the trial court erred in granting Robinson's motion to dismiss. Johnson's arguments address both the trial court's findings regarding the procedural defects of his petition, as well as the trial court's findings on the substantive merits of his petition. We overrule Johnson's arguments regarding the substantive merits of his petition. Johnson's maximum sentence has not expired; and nothing in Johnson's petition supports his claim that his lawful sentence has been modified.

{¶ 4} Habeas corpus relief is not available to a prisoner who has not served his maximum sentence. Therefore, we find that Johnson's petition cannot prove any set of facts that would support his claim that he is being held unlawfully. Johnson's arguments regarding the procedural defects of his petition are rendered moot.

{¶ 5} Accordingly, we overrule Johnson's assignments of error; and we affirm the judgment of the trial court dismissing Johnson's petition for writ of habeas corpus.

## I. Facts and Procedural Posture

{¶ 6} In 1992, a jury in the Miami County Common Pleas Court found Johnson guilty of one count of aggravated burglary, a first degree felony, in violation of R.C. 2911.11(A)(3) and one count of rape, a first degree felony, in violation of R.C. 2907.02(A)(2). The trial court sentenced Johnson to an indeterminate sentence of 10 to 25 years in prison for each count, to be served concurrently. The Second District Court of Appeals affirmed his convictions in Johnson's direct appeal in *State v. Johnson*, 2d Dist. Miami No. 92CA5, 1993 WL 277271 (Jul. 21, 1993).

{¶ 7} Johnson is currently incarcerated at CCI. In May 2014, Johnson filed a petition for writ of habeas corpus in the Ross County Common Pleas Court against Robinson, the warden at CCI. In his petition, Johnson requested release from prison pursuant to R.C. 2725.04. Johnson asserted that he met and satisfied his sentence from his 1992 convictions by law. Johnson also averred that correctional officials altered his sentence from a charge of rape to a charge of child molestation.

{¶ 8} Robinson, represented by the Ohio Attorney General, filed a Civ.R. 12(B)(6) motion to dismiss Johnson's petition and, in the alternative, a Civ.R. 56(C) motion for summary judgment. In the motions, Robinson argued that Johnson's petition failed to comply with the statutory filing requirements set forth in R.C. 2969.25(A) and R.C. 2969.25(C). Robinson also set forth arguments that Johnson's petition should be dismissed on substantive grounds. Robinson argued that Johnson was not entitled to a writ of habeas corpus because he failed to demonstrate that he was entitled to immediate release from confinement. Robinson also asserted that Johnson's claims are not cognizable in a habeas corpus action because adequate alternative legal remedies were available to raise his sentencing claims; thus, Johnson's claim was barred by res judicata.

{¶ 9} The trial court granted Robinson's motion to dismiss on both procedural and substantive grounds. First, the trial court found that Johnson failed to satisfy the requirements of R.C. 2969.25(C) in obtaining a waiver of the prepayment of filing fees. The trial court concluded that (1) Johnson's certified statement of his inmate financial record did not set forth the balance in Johnson's account for each of the preceding six months as required by R.C. 2969.25(C)(1); and (2) Johnson failed to attach an asset disclosure statement to his petition as required by R.C. 2969.25(C)(2).

{¶ 10} The trial court also addressed the substantive merits of Johnson's petition. The trial court found that (1) Johnson's maximum prison term had not expired; and (2) habeas corpus is generally available only when the petitioner's maximum sentence has expired and he is being held unlawfully. Accordingly, the trial court concluded that Johnson "would not have a claim cognizable in habeas corpus as he failed to demonstrate that he is entitled to immediate release from prison." The trial court granted Robinson's motion to dismiss and rendered Robinson's motion for summary judgment moot.

{¶ 11} Thereafter, Johnson filed this timely appeal of the trial court's decision to dismiss his petition.

## II. Assignments of Error

{¶ 12} On appeal, Johnson presents four "statements of error" for our review[12]:

First Statement of Error:

> As to the matter of Civil Rule 12(C) and Civil Rule 12(B)(6), on the second page
>
> of the Journal Entry, it is my contention that the Court erred in it's Judgment. (sic)

 Second Assignment of Error:

> As to the matter of O.R.C. §2969.22 and O.R.C. §2969.25(C) and O.R.C.
>
> §2969.25(C)(2) on the second and third page of the Journal Entry, it is my
>
> contention that the Court erred in it's Judgment as a whole. (sic)

Third Statement of Error:

---

[1] Johnson attached exhibits to his appellate brief. However, we may not consider exhibits attached to appellate briefs that are not part of the record. *Dagostino v. Dagostino*, 165 Ohio App.3d 365, 2006-Ohio-723, 846 N.E.2d 582, fn. 2 (4th.Dist.). App.R. 9(A) limits our consideration to the "original papers and exhibits thereto filed in the trial court."
[2] We interpret Johnson's "statements of error" as assignments of error in compliance with App.R. 16(A)(3).

Now as to the matter of <u>Heddleston v. Mack</u> (1998), 84 Ohio St.3d 213, on the

third page of the Journal Entry, it is my contention that the Court Erred in it's

Judgment. (sic)

Fourth Statement of Error:

As to the matter of <u>O.R.C. §2969.25(A)</u>, on the fourth page of Respondent's

Motion to Dismiss and Motion for Summary Judgment, it is my contention that

the Respondent erred. (sic)

### III. Legal Standard- Civ.R. 12(B)(6) Motion to Dismiss

{¶ 13} "A motion to dismiss for failure to state a claim upon which relief can be granted

tests the sufficiency of the complaint." *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d

494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. In order for a court to dismiss a complaint under

Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear

beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle

the plaintiff to the relief sought. *Ohio Bur. Of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156,

2011-Ohio-4432, 956 N.E.2d 814, ¶ 12; *Rose v. Cochran*, 4th Dist. Ross No. 11CA3243, 2012-

Ohio-1729, ¶ 10. When a trial court considers a Civ.R. 12(B)(6) motion to dismiss, it must

review only the complaint, accepting all factual allegations contained in the complaint as true

and making all reasonable inferences in favor of the nonmoving party. *State ex rel. Talwar v.*

*State Med. Bd. of Ohio,* 104 Ohio St.3d 290, 2004–Ohio–6410, 819 N.E.2d 654, ¶ 5; *Perez v.*

*Cleveland,* 66 Ohio St.3d 397, 399, 613 N.E.2d 199 (1993); *Estate of Sherman v. Millhon*, 104

Ohio App.3d 614, 617, 662 N.E.2d 1098 (10th Dist.1995). Furthermore, the trial court "cannot

rely on evidence or allegations outside the complaint to determine a Civ.R. 12(B)(6) motion."

*State ex rel. Fuqua v. Alexander,* 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997).

{¶ 14} This same standard applies in cases involving claims for extraordinary relief, including habeas corpus. *Boles v. Knab*, 130 Ohio St.3d 339, 2011-Ohio-5049, 958 N.E.2d 554, ¶ 2 ("Dismissal under Civ.R. 12(B)(6) for failure to state a claim was warranted because after all factual allegations of Boles's petition were presumed to be true and all reasonable inferences therefrom were made in his favor, it appeared beyond doubt that he was not entitled to the requested extraordinary relief in habeas corpus").

{¶ 15} "Appellate courts review de novo a dismissal for the failure to state a claim." *Hammond v. Perry*, 4th Dist. Hocking No. 12CA27, 2013-Ohio-3683, ¶ 11, citing *Allen v. Bryan*, 4th Dist. Hocking No. 12CA15, 2013-Ohio-1917, ¶ 7; *Bartley v. Hearth & Care of Greenfield, L.L.C.*, 4th Dist. Highland No. 12CA13, 2013-Ohio-279, ¶ 11. "In other words, an appellate court affords no deference to a trial court's decision and, instead, applies its own, independent review to determine if the Civ.R. 12(B)(6) requirements were satisfied." *Hammond* at ¶ 11, citing *McDill v. Sunbridge Care Ents., Inc.*, 4th Dist. Pickaway No. 12CA8, 2013-Ohio-1618. ¶ 10; *Estep v. State*, 4th Dist. Ross No. 09CA3088, 2009–Ohio–4349, ¶ 5.

### IV. Law and Analysis- Writ of Habeas Corpus: Unlawful Imprisonment

{¶ 16} Here on appeal, Johnson argues that the trial court erred in dismissing his petition for writ of habeas corpus. In his first and third assignments of error, Johnson addresses the trial court's findings regarding the substantive merits of his petition, while in his second and fourth assignments of error he addresses the trial court's findings regarding the procedural defects of his petition. We will address Johnson's arguments regarding the substantive merits of his petition first.

{¶ 17} In his first assignment of error, Johnson asserts that his petition sets forth a viable claim of unlawful imprisonment. Johnson contends that he has suffered constitutional violations

of his Fifth, Sixth, Eighth, Thirteenth, and Fourteenth amendment rights under the United States Constitution. Specifically, Johnson claims that he is being held under a false charge and conviction; and that the sentence currently illustrated in his institutional record is a plain error, which can be remedied by a reinstatement of his original and proper sentence.

{¶ 18} In his third assignment of error, Johnson further asserts that his sentence has been tabulated incorrectly. Johnson references "good day" rules, which reduce the number of days he must serve. Johnson repeatedly cites the 1992 Ohio Criminal Law Handbook for his argument that his incarceration has exceeded the lawful term of his 1992 sentence. Johnson also claims that after placement in the Mansfield Correctional Institution, his unit manager provided him with paperwork indicating that if he was not given parole by November 2007, then he would be released "* * *by law on a mandatory parole for 1 year, and termination of sentence after that time."

{¶ 19} In rebuttal, Robinson argues that Johnson is not entitled to release because his maximum sentence has not expired. According to Robinson, Johnson is serving a maximum prison term of 25 years that began on January 22, 1992. Robinson contends that any "good time" credit, under former R.C. 2967.19, does not reduce a prisoner's maximum sentence.

{¶ 20} In his petition, Johnson declared that "* * *under the worst case senario [sic], 16 years and 8 months was the most time I could do if no parole was granted by the Parole Board. With only 9 months served after any technical parole violation, until approximately 80% of 25 years was completed and termination of sentence." Further, on appeal Johnson reasserts the argument that his sentence has been tabulated incorrectly. Johnson states in his appellate brief that "* * *all the O.R.C. rules of 1992 are still enforce [sic] upon my sentence. Such as 64 days equal 1 good day, or 4 years and 7 months of diminutive good days off back end [sic] of

sentence, as prescribed by 1992 O.R.C. Rules and illustrated in the 1992 Ohio Criminal Law Handbook." Johnson never cites a specific statute that supports his argument.

{¶ 21} Johnson attached a parole board decision to his "Affidavit of Verity," which he filed with his petition. The decision indicates that Johnson was previously granted parole; but due to a violation, his parole was revoked.

{¶ 22} Habeas corpus petitions are governed by R.C. 2725. In order to be entitled to a writ of habeas corpus, the petitioner must be able to establish that his present incarceration is illegal because the trial court that rendered the conviction lacked jurisdiction over the criminal case. R.C. 2725.05. "Habeas corpus is an extraordinary writ and is only available 'where there is an unlawful restraint of a person's liberty and no adequate remedy at law.' " *Young v. Brunsman*, 4th Dist. Ross No. 06CA2938, 2008-Ohio-54, ¶ 16, quoting *Rowe v. Brunsman*, 4th Dist. No. 06CA2891, 2006-Ohio1964, at ¶ 4. "An individual may petition for a writ of habeas corpus if his maximum sentence has expired and he is being held unlawfully." *Nedea v. Cook*, 4th Dist. No. 15CA12, 2015-Ohio-3668, ¶ 8, citing *State v. Wilburn*, 4th Dist. Lawrence No. 98CA47, 1999 WL 1281507 (Dec. 22 1999); *Frazier v. Strickrath*, 42 Ohio App.3d 114, 115–116, 536 N.E.2d 1193 (4th Dist.1988).

{¶ 23} "A petitioner seeking habeas corpus relief must state particularly the extraordinary circumstances entitling him to such relief." *State v. ex rel. Walker v. Carter*, 4th Dist. Scioto No. 00CA2740, 2001 WL 438704, *2 (Apr. 20, 2001), citing *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 187, 652 N.E.2d 746 (1995). "Unsupported conclusions are not considered admitted and are insufficient to withstand a motion to dismiss." *Id.*

{¶ 24} As we have stated, Johnson has argued in his petition, in pleading filings below, and here on appeal, that he is entitled to release because his sentence should have been reduced;

and his incarceration of 23 years and 9 months has satisfied his 1992 sentence. However, he only generally cites the 1992 Ohio Criminal Law Handbook to support his argument. This citation does not provide a sufficient basis to support Johnson's petition.

{¶ 25} It is clear, however, that in 1992 the Miami County Common Pleas Court sentenced Johnson to an indeterminate sentence of 10 to 25 years in prison for one count of aggravated burglary and one count of rape. Johnson began to serve his prison term in January 1992. According to a confinement document attached to Johnson's petition, Johnson was given 126 days of jail time credit. Therefore, his sentence carried a maximum incarceration date of September 2016. It is well established that a prisoner has no constitutional or statutory right to be conditionally released from prison prior to the expiration of his sentence. *See Corrin v. Huffman*, 4th Dist. Scioto No. 00CA2700, 2000 WL 1234068, *4 (Aug. 25, 2000).

{¶ 26} In his arguments, Johnson also makes references to "good time" credit. As Robinson has pointed out here on appeal, "good time" credits do not reduce an inmate's maximum sentence. Although Johnson did not cite former R.C. 2967.19, from a plain reading of that statute, it is clear that good time credit was only intended to reduce a prisoner's minimum, or definite sentence, not his maximum sentence. *Gavrilla v. Leonard*, 4th Dist. Ross No. 01CA2638, 2002-Ohio-6144, ¶ 11; former R.C. 2967.19(A). "[N]either former R.C. 2967.19 nor former R.C. 5145.02 reduces the maximum term of [the appellant's] indeterminate sentence. These provisions also do not entitle [the appellant] to release from prison before he serves the maximum term provided in his sentence." *State ex rel. Bealler v. Ohio Adult Parole Authority*, 91 Ohio St.3d 36, 2001-Ohio-231, 740 N.E.2d 1100. "The reasoning for reducing the minimum, rather than the maximum, sentence is equally clear: the intent was to enable earlier *parole eligibility*, not to allow prisoners to unilaterally shorten their court-imposed sentence."

(Emphasis sic) *Gavrilla* at ¶ 12. Furthermore, good time credit ceases to apply once a defendant has served his minimum sentence and has been afforded a parole hearing. *State v. Howard*, 7th Dist. Belmont No. 09BE31, 2011-Ohio-1346, ¶ 8, citing *State ex rel. Vaughn v. Money*, 104 Ohio St.3d 322, 2004-Ohio-6561, 819 N.E.2d 681, at ¶ 10.

{¶ 27} Johnson further claims that correctional officials altered his conviction/sentence from rape to child molestation. However, nothing contained in or attached to his complaint supports that claim. Johnson attached a document to his petition that contains his offender number, along with his convictions. Johnson's convictions are listed as aggravated burglary and rape; the same convictions that appear in the judgment entry from the Miami County Common Pleas Court. Therefore, we find no merit to his claim that correctional officials have altered his convictions.

{¶ 28} Additionally, Johnson is being held by virtue of the sentence handed down by the Miami County Common Pleas Court. Johnson has not challenged the jurisdiction of that court. R.C. 2725.05 states: "If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed." Accordingly, it still stands that Johnson is not being unlawfully held, because his maximum sentence of 25 years has not expired.

{¶ 29} Even when reviewing only the complaint, accepting all factual allegations contained in the complaint as true and making all reasonable inferences in favor of the nonmoving party, Johnson, it remains that Johnson's sentence has not expired. Therefore, Johnson did not have a claim cognizable in habeas corpus. *State ex rel. Abercrombie v.*

*Cuyahoga Cty. Court of Common Pleas*, 141 Ohio St.3d 64, 2014-Ohio-4768, 21 N.E.3d 316, ¶ 8, quoting *Morgan v. Ohio Adult Parole Auth.*, 68 Ohio St.3d 344, 346, 626 N.E.2d 939 (1994) ("Habeas corpus relief is not available to a prisoner who has not served his maximum sentence; 'habeas corpus is available where an individual's maximum sentence has expired and he is being held unlawfully.' "). Therefore, we find that the trial court was correct in dismissing Johnson's petition pursuant to Robinson's Civ.R. 12(B)(6) motion to dismiss. Johnson's first and third assignments of error are overruled.

{¶ 30} With respect to the second and fourth assignments of error, Johnson argues that he complied with statutory procedures, particularly those contained in R.C. 2969.25(C), to the best of his ability. However, because we have already found that the trial court was correct in dismissing his petition on substantive grounds, his remaining arguments regarding the procedural defects of his petition are rendered moot. Accordingly, Johnson's second and fourth assignments of error are overruled.

### V. Conclusion

{¶ 31} Having overruled Johnson's assignments of error, the judgment of the Ross County Common Pleas Court is affirmed.

JUDGMENT AFFIRMED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & McFarland, J.: Concur in Judgment Only.

For the Court

BY: _____
           Marie Hoover, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**