**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Stith v. Dept. of Rehab. & Corr.,* Slip Opinion No. 2017-Ohio-7824.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-7824

THE STATE EX REL. STITH, APPELLANT, *v.* DEPARTMENT OF REHABILITATION AND CORRECTION ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Stith v. Dept. of Rehab. & Corr.,* Slip Opinion No. 2017-Ohio-7824.]**

*Mandamus—Parole—Appellant failed to establish clear legal right to relief requested—Court of appeals' dismissal of petition for writ affirmed.*

(No. 2016-1841—Submitted June 6, 2017—Decided September 27, 2017.)

APPEAL from the Court of Appeals for Franklin County, No. 15AP-1079, 2016-Ohio-7867.

_____

**Per Curiam.**

{¶ 1} Appellant, Harold Stith, appeals the dismissal of the petition for a writ of mandamus that he filed against appellees, Ohio Department of Rehabilitation and Correction and related parties (collectively, "the DRC"). We affirm.

**Background**

**{¶ 2}** In September 1995, Stith began serving a prison sentence of 22 years to life. On November 2, 2010, the parole board held his first parole-eligibility hearing, which resulted in a 29-month continuance of his sentence. The parole board's decision noted positively Stith's participation in the OASIS program (an in-house, residential structured therapeutic community program) but assessed the continuance partly based on an alleged violation of the prison rules of conduct.

**{¶ 3}** Stith served the additional 29 months and on March 21, 2013, the parole board held a second parole hearing. This time, he was assessed a 59-month continuance. The decision made no mention of his participation in OASIS and other prison programs.

**{¶ 4}** On November 30, 2015, Stith filed a petition for a writ of mandamus in the Tenth District Court of Appeals. He alleged that he was denied "fair and meaningful consideration" of his parole application because the parole board's second decision failed to acknowledge his participation in the prison programs, failed to give him time off for good behavior or credit for program participation, and assessed a longer continuance than he had received after the first parole hearing.

**{¶ 5}** The DRC filed a motion to dismiss. A court of appeals magistrate recommended dismissal, concluding that the petition failed to state a claim upon which relief could be granted. On November 22, 2016, the court of appeals granted the motion to dismiss.

**{¶ 6}** Stith timely appealed and filed a merit brief. The DRC filed its merit brief on February 13, 2017. We extended Stith's time to file his reply brief until March 16, 2017. The clerk's office received the reply brief on March 17 and rejected it as untimely. On April 3, 2017, he filed a document captioned "Judicial Notice," which we construe to be a motion for leave to file the reply brief out of time.

2

**The motion for leave**

{¶ 7} In his "Judicial Notice" pleading, Stith asserts that he placed the reply brief in the prison mailbox on March 8, 2017, and that it therefore should have arrived well before the March 16 deadline. The pleading closes with the statement that "the hoped for resolution of this issue [is] that this Court will direct the filing of this errant document in the determination of fairness and judicial economy, and for [a] just adjudication of this claim."

{¶ 8} To the contrary, the interests of fairness and judicial economy would not be served by granting the motion. Stith attached only the cover page, not the entire reply brief, to his motion. If the court were to grant the motion, then, it would have to afford Stith more time in which to resubmit the reply. Such additional delay is unwarranted, given that Stith has already filed three briefs on the merits, here and in the court of appeals, in addition to the petition, without ever articulating a colorable legal claim under which this case could proceed.

{¶ 9} S.Ct.Prac.R. 3.03(B)(2)(b)(i) provides that a party may seek *one* extension of time, not to exceed ten days, to file a reply brief or other pleading. Stith is essentially asking for a second extension of time, which our rules expressly forbid. And Stith has given no reason to believe that a reply brief would contain any new legal argument or authority not already presented to this court.

{¶ 10} We deny the motion for leave to file the reply brief out of time.

**The merits of the appeal**

*Standard for mandamus relief*

{¶ 11} To be entitled to a writ of mandamus, Stith must establish (1) that he has a clear legal right to the relief requested, (2) that the DRC is under a clear legal duty to perform the requested acts, and (3) that he has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Rankin v. Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 6.

*First proposition of law*

**{¶ 12}** If the parole board denies parole at an inmate's regularly constituted hearing and does not set a projected release date, then the board must set a time for a subsequent hearing not more than ten years from the date of the first hearing. Ohio Adm.Code 5120:1-1-10(B). Stith concedes that a continuance of 59 months is "within the guidelines set forth in the Ohio Administrative Code." But in his first proposition of law, he argues that the 59-month continuance that the parole board assessed after his second parole hearing was not "ethical, fair and/or just," because it was a "punitive action in response to a continuing pattern of positive and productive rehabilitative conduct" by Stith.

**{¶ 13}** The discretion of the Ohio Adult Parole Authority ("APA") and the parole board[1] over parole matters is "wide-ranging." *State ex rel. Keith v. Adult Parole Auth.*, 141 Ohio St.3d 375, 2014-Ohio-4270, 24 N.E.3d 1132, ¶ 26. Stith cites no authority for the proposition that mandamus will control the APA's discretion over the timing of a parole hearing. And the fact that the second continuance of Stith's sentence was longer than his first does not prove that the second was "punitive" or legally improper.

**{¶ 14}** Stith's first proposition of law is without merit.

*Second proposition of law*

**{¶ 15}** In *Nelson v. Mohr*, 10th Dist. Franklin No. 13AP-130, 2013-Ohio-4506, three inmates argued that the serious nature of a prisoner's crime and the prisoner's likelihood of committing future crimes "are factors that can be considered solely by the sentencing court," not by the APA when considering parole release. *Id.* at ¶ 19. The court of appeals rejected that notion, because R.C. 2967.03 expressly authorizes the APA to consider *any* matters affecting a prisoner's fitness for release. *Nelson* at ¶ 19.

---

[1] The parole board is a section within the APA. *See* R.C. 5149.10.

4

**{¶ 16}** In his second proposition of law, Stith offers an even less tenable variation on the *Nelson* argument. Conceding that the APA may consider the nature of an inmate's crime at the initial parole hearing, he argues that R.C. 2967.03 does not permit the APA to consider the nature of the crime at a subsequent parole hearing. According to Stith, when an inmate's suitability for release is considered at a second parole hearing, the board may consider *only* the inmate's rehabilitative actions.

**{¶ 17}** *Nelson* relied on R.C. 2967.03, which provides that when considering parole, the APA

> may investigate and examine, or cause the investigation and examination of, prisoners confined in state correctional institutions concerning their conduct in the institutions, their mental and moral qualities and characteristics, their knowledge of a trade or profession, their former means of livelihood, their family relationships, and any other matters affecting their fitness to be at liberty without being a threat to society.

As the court of appeals correctly noted in *Nelson*, R.C. 2967.03 directs the APA to consider "any matters affecting a prisoner's fitness to be at liberty without being a threat to society." *Id.* at ¶ 19, citing R.C. 2967.03. Moreover, the statute draws no distinction between factors to be considered at an initial parole hearing and those to be considered at subsequent hearings.

**{¶ 18}** Stith's second proposition of law is without merit.

### Third proposition of law

**{¶ 19}** In his third proposition of law, Stith complains that the court of appeals failed to address one of his claims. Paragraph 7 of Stith's complaint alleged that his parole application was denied meaningful consideration because the parole

board failed to apply Ohio Adm.Code 5120-2-05, relating to time off for good behavior for inmates sentenced before July 1, 1996, and Ohio Adm.Code 5120-2-06, which allows inmates to earn credit for productive participation in prison programs. However, Stith has misconstrued the effect of those provisions.

{¶ 20} The APA's authority to award good-time credit in this case is derived from former R.C. 2967.19, Am.Sub.H.B. No. 571, 145 Ohio Laws, Part IV, 6342, 6437-6440, repealed effective July 1, 1996, in Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7808-7810. But that statute operated to reduce an inmate's minimum or definite sentence "to allow earlier parole eligibility," not to shorten the court-imposed sentence. *State ex rel. Vaughn v. Money*, 104 Ohio St.3d 322, 2004-Ohio-6561, 819 N.E.2d 681, ¶ 9. Therefore, once an inmate has served the minimum sentence and has been afforded a parole hearing, the good-time rules cease to apply. *State v. Howard*, 7th Dist. Belmont No. 09 BE 31, 2011-Ohio-1346, ¶ 8; *State ex rel. Perry v. Adult Parole Auth.*, 10th Dist. Franklin No. 03AP-1277, 2004-Ohio-4039, ¶ 36.

{¶ 21} The same is true of Ohio Adm.Code 5120-2-06(A), which allows an inmate to earn credit for productively participating in designated prison programs, such as mental-health and substance-abuse programs. The "credit" referred to in the rule is "credit as a deduction from [the inmate's] sentence." The rule does not create a factor that the parole board must weigh when considering parole release.

{¶ 22} Stith's third proposition of law is without merit.

*Fourth proposition of law*

{¶ 23} Finally, Stith asserts in his fourth proposition of law that the court of appeals misconstrued his claim and failed to address the question whether a 59-month continuance was warranted considering the positive factors in his record and the absence of any demerits (because, according to Stith, all the negatives were weighed during his first parole hearing and therefore could not be considered

6

anew). We have already addressed that argument in our analysis of the second proposition of law.

**{¶ 24}** Stith's fourth proposition of law is without merit.

Motion denied<br>and judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Harold Stith, pro se.

Michael DeWine, Attorney General, and B. Alexander Kennedy, Assistant Attorney General, for appellees.

_____