MORGAN, APPELLANT, *v.* OHIO ADULT PAROLE AUTHORITY ET AL., APPELLEES.

[Cite as *Morgan v. Ohio Adult Parole Auth.* (1994), 68 Ohio St.3d 344.]

(No. 93–875—Submitted December 7, 1993—Decided February 23, 1994.)

*Mancino, Mancino & Mancino* and *Paul Mancino, Jr.,* for appellant.

*Lee Fisher,* Attorney General, and *Donald A. Cataldi,* Assistant Attorney General, for appellees.

*Per Curiam.* Appellant contends that based upon a construction of the applicable sentencing statutes, he is entitled to be released from prison because

he has already served his maximum possible sentence. The pertinent statutes follow.

Former R.C. 2929.71(A)(2) provided:

" * * * The three-year term of actual incarceration imposed pursuant to this section shall be served consecutively with, and prior to, the life sentence or the indefinite term of imprisonment." (140 Ohio Laws, Part I, 601.)

Former R.C. 2929.41 provided:

"(B) A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:

" * * *

"(4) When a three-year term of actual incarceration is imposed pursuant to section 2929.71 of the Revised Code.

" * * *

"(C) Subject to the maximums provided in division (E) of this section:

" * * *

"(2) When consecutive sentences of imprisonment are imposed for felony under division (B)(2) or (3) of this section, the minimum term to be served is the aggregate of the consecutive minimum terms imposed reduced by the time already served on any such minimum term, and the maximum term imposed is the aggregate of the consecutive maximum terms imposed.

"(3) When consecutive sentences of imprisonment are imposed under division (B)(4) of this section, all of the three-year terms of actual incarceration imposed pursuant to section 2929.71 of the Revised Code shall be served first, and then the indefinite terms of imprisonment shall be served, with the aggregate minimum and maximum terms being determined in the same manner as aggregate minimum and maximum terms are determined pursuant to division (C)(2) of this section." (140 Ohio Laws, Part I, 599.)

Initially, we note that habeas corpus is available where an individual's maximum sentence has expired and he is being held unlawfully. *Hoff v. Wilson* (1986), 27 Ohio St.3d 22, 27 OBR 440, 500 N.E.2d 1366; see *Frazier v. Stickrath* (1988), 42 Ohio App.3d 114, 536 N.E.2d 1193. Appellant's contention involves statutory construction of the aforementioned statutes. In construing a statute, a court's paramount concern is the legislative intent in enacting the statute. *State v. S.R.* (1992), 63 Ohio St.3d 590, 594, 589 N.E.2d 1319, 1323. In determining legislative intent, the court first looks to the language in the statute and the legislature's purpose. *Id.* at 594–595, 589 N.E.2d at 1323. Words used in a statute must be taken in their usual, normal or customary meaning. See R.C.

1.42; *S.R.* at 595, 589 N.E.2d at 1323, citing *State v. Cravens* (1988), 42 Ohio App.3d 69, 72, 536 N.E.2d 686, 689.

By enacting R.C. 2929.71, the General Assembly sought to deter and punish both the use and possession of firearms by those who commit crimes. The public policy behind this enactment is apparent: a criminal with a gun is both more dangerous and harder to apprehend than one without a gun. *State v. Powell* (1991), 59 Ohio St.3d 62, 63, 571 N.E.2d 125, 127. R.C. 2929.41(C)(3) manifestly provides that the three-year term of actual incarceration imposed by R.C. 2929.71 "shall be served first," *i.e.,* prior to any indefinite sentence. As noted by the court below, appellant's indefinite sentence of one and one-half to five years was tolled until his three-year sentence for the firearm specification was completed. Thus, since appellant's three-year term for his firearm-specification conviction did not expire until 1990, his indefinite sentence of one and one-half to five years did not begin until 1990. As appellees aptly note, appellant cites no authority that has adopted his novel construction of R.C. 2929.41, which would merge his three-year term with the one-and-one-half-year minimum term and have them served concurrently rather than consecutively with a resultant sentence of four-and-one-half to five years.

Appellant instead relies on R.C. 2901.04(A), which provides that the criminal statutes shall be "strictly construed against the state, and liberally construed in favor of the accused." Nevertheless, courts do not have the authority to ignore the plain and unambiguous language of a statute under the guise of either statutory interpretation or liberal construction; in such situation, the courts must give effect to the words utilized. See, *e.g., State v. Krutz* (1986), 28 Ohio St.3d 36, 38, 28 OBR 96, 97, 502 N.E.2d 210, 211; *State v. Bayless* (1976), 48 Ohio St.2d 73, 96, 2 O.O.3d 249, 261, 357 N.E.2d 1035, 1050, vacated on other grounds (1978), 438 U.S. 911, 98 S.Ct. 3135, 57 L.Ed.2d 1155. Appellant's asserted interpretation of R.C. 2929.41(C)(2) and (3) would ignore the plain and unambiguous language of subsection (C)(3), which states that the three-year R.C. 2929.71 term will be served prior to any indefinite sentence or aggregate thereof. Therefore, the court of appeals properly concluded that appellant had failed to establish entitlement to either habeas corpus or mandamus relief.

Accordingly, for the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.