JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Lisa L. Russell challenges that portion of the trial court's judgment ordering her to pay $700 in restitution to her former employer. Russell had pleaded no contest to a charge of theft in violation of R.C. 2913.02(A)(2). The trial court found her guilty, placed her on two years of community control and ordered her to make monthly restitution to her employer during that time. On appeal, Russell raises one assignment of error in which she alleges that the trial court was without statutory authority under R.C. 2929.18 to order restitution for a crime that did not involve a threat of personal injury or death. We agree.
Under former R.C. 2929.11(E), a trial court was specifically authorized to order restitution by a defendant convicted of a theft offense. With the enactment of S.B. No. 2, however, the financial sanctions available for felony convictions were placed in R.C. 2929.18:[1]
Financial sanctions that may be imposed pursuant to this section, include, but are not limited to, the following:
 (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based upon the victim's economic loss.
 "Economic loss" was defined in former R.C. 2929.01(N) as "any economic detriment suffered by a victim as a result of criminally injurious conduct and includes * * * any property loss * * * incurred as the result of the criminally injurious conduct."
"Criminally injurious conduct" is defined in R.C. 2929.01(G) as "any conduct of the type that is described in division C(1) or (2) of section 2743.51 that occurs on or after July 1, 1996, or any activity that is described in Divisions (C)(3) and (R) of section2743.51 of the Revised Code and that occurs on or after the effective date of this amendment." The problem in this case is that, under the pertinent description provided by R.C. 2743.51, "criminally injurious conduct" is limited to that which "poses a substantial threat of personal injury or death."[2]
We agree with our colleagues in the Tenth and Twelfth Appellate Districts that the plain language of the statute in effect when the trial court entered its judgment excluded restitution for theft offenses not involving substantial threats of personal injury or death.[3] Though the legislature must have intended otherwise, the actual language it used definitely mandates this result. The error has since been corrected by deleting "criminally injurious conduct" from R.C. 2929.01(N) and substituting "commission of a felony."[4]
As the Ohio Supreme Court has explained, "courts do not have the authority to ignore the plain and unambiguous language of a statute under the guise of either statutory interpretation or liberal construction; in such situation, the courts must give effect to the words utilized."[5] Although R.C. 2929.18
provides for a range of financial sanctions beyond restitution, the authority to impose restitution as a specific sanction in this case was limited by the definition set forth in former R.C.2929.01(N). Under the clear language of that statute, the court was not authorized to order restitution for theft from an employer when the theft did not involve a threat of personal injury or death.
Therefore, we affirm the trial court's judgment in all respects except that portion ordering Russell to pay monthly restitution. We reverse that part of the judgment and remand to the trial court with instructions to delete the order for monthly restitution from the terms of the journalized judgment of conviction.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 __________ Doan, P.J.
Painter and Winkler, JJ.
[1] See State v. Griffin (1998), 131 Ohio App.3d 696, 697,723 N.E.2d 606, 608.
[2] See R.C. 2743.51(C).
[3] See State v. Hooks (Jan. 20, 2000), Franklin App. No. 99AP-119, unreported; State v. Kimmle (Dec. 21, 1999), Franklin App. No. 99AP-435, unreported; State v. Ward (Oct. 11, 1999), Madison App. No. CA98-12-039, unreported.
[4] See S.B. No. 107, effective 3/23/2000.
[5] Morgan v. Ohio Adult Parole Auth. (1994), 68 Ohio St.3d 344,347, 626 N.E.2d 939, 942.