The STATE of Ohio

v.

KENT, Defendant.

2010-Ohio-6995.]

Wadsworth Municipal Court, Ohio.

No. 10–CRB–00714.

Decided Dec. 20, 2010.

Ron O'Brien, Franklin County Prosecuting Attorney, and Page C. Schrock, Assistant Prosecuting Attorney, for plaintiff.

David Hilson, for defendant.

---

McILVAINE, Judge.

{¶ 1} This matter came before the court pursuant to defendant's motion to dismiss. Following oral arguments, the court took the matter under advisement. Each party had previously filed legal briefs setting forth their positions.

{¶ 2} Let me start by stating that this court feels that the state of Ohio's argument makes perfect sense. Because of strong public-safety issues and to combat the war on drugs, the state of Ohio has enacted certain laws that prohibit and limit the sale of pseudoephedrine products to the public. Legislators created R.C. Chapter 2925, which limits the sale of pseudoephedrine products to no more than nine grams in any 30–day period, prevents the sale of pseudoephedrine products to someone under the age of 18, and also requires the store or organization to maintain a log book. In this case, the state of Ohio contends that the defendant is an employee of a retailer/organization that sells pseudoephedrine products. As part of her job description, she was responsible for maintaining the log book as required under the law. She failed to do that properly, and therefore the state argues that she should be held accountable for her actions. There is also a long-standing statute in the state of Ohio that an individual wrongdoer should not be able to hide behind a corporate veil and avoid prosecution. If a corporation has a responsibility and an individual acting on behalf of that corporation violates that responsibility, then the individual should be held accountable. This argument is logical, reasonable, and makes perfect sense to this court. However, this case gets more complicated when you add in the law.

{¶ 3} This case involves a violation of R.C. 2925.56. That section is titled Unlawful Sale of Pseudoephedrine Product. That section provides three violations of the law. Subsection A makes it unlawful to sell within a period of 30 consecutive days an amount of pseudoephedrine product that is greater than nine grams. Subsection B provides that you may not sell a pseudoephedrine product to an individual who is under 18 years of age. And Subsection C provides that you shall not fail to comply with the requirements of R.C. 3715.05(C)(2), which requires a log book to be maintained. Upon a close inspection of these subsections, subsections A and B specifically state that no retailer or terminal distributor of dangerous drugs, or an employee of a retailer or terminal distributor of dangerous drugs "shall." However, subsection C merely states that "no retailer or terminal distributor of dangerous drugs shall fail to * * *." In this case,

defendant is charged with a violation of R.C. 2925.56(C). It is also uncontroverted that defendant is merely an employee of a retailer or terminal distributor of dangerous drugs. The state of Ohio argues that pursuant to R.C. 2901.24, it doesn't matter that the language in subsection C omitted "employee." Section 2901.24 states that an officer, agent, or employee of an organization may be prosecuted for an offense committed by such an organization, if he acts with the kind of culpability required for the commission of the offense and any of the following apply: (1) in the name of the organization or in its behalf, he engages in conduct constituting the offense, and (2) he has primary responsibility to discharge a duty imposed on the organization by law, and that duty is not discharged.

{¶ 4} The state argues that under subsection C, the retailer or terminal distributor of dangerous drugs has an obligation to maintain a log book, and it assigned that responsibility to their employee, the defendant, as a cashier.

{¶ 5} The defense points out that R.C. 2901.24 was in effect more than 30 years prior to the legislators' enacting R.C. 2925.56. Therefore, we must assume that the legislators were aware of the existing laws and were aware that the provision was in effect when they created R.C. 2925.56. The defense also argues that if it didn't matter what the language was and that R.C. 2901.24 makes any employee liable under A, B, or C, then why put "employee" in any of the subsections? However, the legislators specifically included employees in subsections A and B, and specifically omitted them in Subsection C.

{¶ 6} It is also a long-standing rule of statutory construction that every word in a statute is presumed to have some effect. *State v. Linner* (1996), 77 Ohio Misc.2d 22, 665 N.E.2d 1180. Courts do not have authority to ignore the plain and unambiguous language of a statute under the guise of statutory interpretation or liberal construction of criminal statutes; in such situations, courts must give effect to words utilized. *Morgan v. Ohio Adult Parole Auth.* (1994), 68 Ohio St.3d 344, 626 N.E.2d 939. Regardless of policy implications, plain and unambiguous language of a statute must not be ignored. *Strong v. Killbuck Valley Mosquito Abatement Sanitary Dist.* (1996), 108 Ohio App.3d 441, 670 N.E.2d 1085. In the Ninth District Court of Appeals in *Jacobs v. Jacobs* (1995), 102 Ohio App.3d 568, 657 N.E.2d 580, the court held that in interpreting a statute, effect must be given to words utilized, and a court cannot ignore words used or add words not included to reach the desired result.

{¶ 7} The language of R.C. 2925.56 is clear and unambiguous that in order for a violation of subsection A or B, a violation can be charged against a retailer, a terminal distributor of dangerous drugs, or an employee. However, for a violation of subsection C, only a retailer or terminal distributor of dangerous drugs can be culpable. For whatever reason, the legislators clearly omitted an

employee from subsection C of this section. And while I cannot understand the reasoning of the legislators in excluding employees from a violation of subsection C, a clear reading of the statute demonstrates that the legislators clearly intended and knowingly omitted employees from that subsection. Therefore, until a court of appeals, the Ohio Supreme Court, or the legislators direct me otherwise, I am bound to hold that an employee is specifically excluded from a violation of R.C. 2925.56(C).

{¶ 8} In this case, defendant Katherine A. Kent is an employee. Therefore, this court grants defendant's motion to dismiss.

It is so ordered.