[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Abercrombie v. Cuyahoga Cty. Court of Common Pleas,* **Slip Opinion No. 2014-Ohio-4768.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4768

THE STATE EX REL. ABERCROMBIE, APPELLANT, *v.* CUYAHOGA COUNTY COURT OF COMMON PLEAS ET AL., APPELLEES.

[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Abercrombie v. Cuyahoga Cty. Court of Common Pleas,* **Slip Opinion No. 2014-Ohio-4768.]**

*Habeas corpus—Concurrent sentences served in two states—Jurisdiction over petitioner—Judgment dismissing writ affirmed.*

(No. 2014-0048—Submitted July 8, 2014—Decided October 30, 2014.)

APPEAL from the Court of Appeals for Marion County, No. 9-13-0033.

_____

**Per Curiam.**

{¶ 1} We affirm the Third District Court of Appeals' judgment dismissing a petition for writ of habeas corpus. Appellant, Steven Abercrombie, was convicted of several offenses associated with a robbery spree through Ohio and Michigan. Because he has not yet served his maximum sentence in Ohio, the court of appeals correctly denied his petition for habeas corpus.

*Facts*

**{¶ 2}** In 1994, Abercrombie was convicted of two terms of 7 to 25 years' imprisonment by the Cuyahoga County Court of Common Pleas, to be served concurrently with each other and with a term of imprisonment he was then serving in Michigan. Abercrombie was sent back to Michigan to serve his sentence. In 2006, he was granted parole in Michigan. He was then brought back to Ohio, pursuant to a detainer, to continue serving his Ohio sentences. He was paroled in 2007 in Ohio.

**{¶ 3}** While on parole, Abercrombie pled guilty to charges in Summit County and was sentenced to five years for robbery and a repeat-violent-offender specification and five years of postrelease control. That term of imprisonment expired on March 17, 2013.

**{¶ 4}** Because of the new conviction, Abercrombie was also found in violation of his parole in Cuyahoga County and incarcerated in Ohio to serve his original sentences. He was denied parole in March 2013. His next parole review will be in December 2014. He is also being held on a detainer for parole revocation issued by the state of Michigan.

**{¶ 5}** Abercrombie filed the petition in this case in July 2013, naming the Cuyahoga County and Summit County Common Pleas Courts, Jason Bunting, warden of the prison in which Abercrombie is incarcerated, and Cynthia Mausser, the chair of the Adult Parole Authority, as respondents. In the petition, he claims that because his 7-to-25-year sentences in Ohio were to be served concurrently with his Michigan sentence, Ohio lost jurisdiction over his case when he was sent back to Michigan. He claims that by Ohio retaining jurisdiction, the appellees have effectively made his Ohio and Michigan sentences consecutive rather than concurrent.

**{¶ 6}** The warden filed a motion to dismiss or in the alternative, a motion for summary judgment. Abercrombie filed a cross-motion for summary

2

judgment. The parties filed appropriate responses. The Third District dismissed the petition, for failure to state a claim upon which relief can be granted. Specifically, the court found that because Abercrombie's maximum sentence will not expire until 2019, he had failed to show that he was entitled to immediate release. The court of appeals also denied Abercrombie's motion for relief from judgment, and he appealed to this court.

*Analysis*

{¶ 7} The court of appeals correctly dismissed Abercrombie's petition for habeas corpus, and we affirm. Abercrombie is incorrect in arguing that because he was transferred to Michigan on a detainer to serve his sentence there, Ohio lost jurisdiction over him. As the court of appeals held, he has yet to serve his maximum Ohio term, which will expire in 2019.

{¶ 8} Habeas corpus is not available to a prisoner who has not served his maximum sentence; "habeas corpus is available where an individual's maximum sentence has expired and he is being held unlawfully." *Morgan v. Ohio Adult Parole Auth.*, 68 Ohio St.3d 344, 346, 626 N.E.2d 939 (1994), citing *Hoff v. Wilson*, 27 Ohio St.3d 22, 500 N.E.2d 1366 (1986). Abercrombie has not yet served his maximum 25-year sentence imposed in 1994, and therefore habeas relief is not appropriate.

{¶ 9} Abercrombie also argues that the court of appeals erred in failing to notify the parties that it was converting the warden's motion to dismiss—actually captioned "motion to dismiss and/or summary judgment motion"—into a motion for summary judgment. However, as the warden points out, the court of appeals did not convert the motion to dismiss to a motion for summary judgment. It was obvious from the face of the pleadings, including Abercrombie's petition, that Abercrombie had not served his maximum sentence. Even if the court of appeals considered matters outside the pleadings, that error was harmless.

{¶ 10} Appellee Cuyahoga County Court of Common Pleas has moved to strike Abercrombie's brief. That motion is denied as moot, and the judgment of the Third District Court of Appeals is affirmed.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Steven Abercrombie, pro se.

Michael DeWine, Attorney General, and Gregory T. Hartke, Assistant Attorney General, for appellee Jason Bunting.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee Cuyahoga County Court of Common Pleas.

_____