BROOKS, APPELLANT, *v.* KELLY, WARDEN, APPELLEE.

[Cite as *Brooks v. Kelly*, 144 Ohio St.3d 322, 2015-Ohio-2805.]

(No. 2014–1606—Submitted February 3, 2015—Decided July 14, 2015.)

**Per Curiam.**

{¶ 1} Petitioner-appellant, Dwayne Brooks, filed a petition for a writ of habeas corpus in the Ninth District Court of Appeals. The court of appeals granted summary judgment in favor of respondent-appellee, Bennie Kelly, because Brooks's claims are res judicata. We affirm.

*Facts*

{¶ 2} Brooks is a prisoner at Grafton Correctional Institution, and Kelly is the warden. Brooks was convicted of aggravated murder and other crimes and was sentenced in 1989 to 20 years to life on the murder count and 5 to 25 years each on three other counts, which were to be served concurrently to one another but consecutively to the 20–to–life sentence. The judgment of conviction was affirmed on direct appeal, and we declined to accept jurisdiction over Brooks's appeal from the court of appeals' judgment. 8th Dist. Cuyahoga No. 57034, 1991 WL 1494 (Jan. 10, 1991); 63 Ohio St.3d 1406, 585 N.E.2d 428 (1992).

{¶ 3} Brooks filed this original action on March 31, 2014, in the Ninth District Court of Appeals. He claimed that his minimum term of imprisonment expired in 2005, and indeed, the parole board held a hearing in 2005, denied him parole and set the next parole-hearing date. However, the board later determined that it should not have held a parole hearing in 2005 because Brooks had not yet served his minimum sentence at that time. It therefore vacated its 2005 decision and continued his parole eligibility to 2015. Brooks claims that the parole board violated his due-process rights by vacating the 2005 decision.

{¶ 4} Kelly filed a motion to dismiss under Civ.R. 12(B)(6) and/or for summary judgment under Civ.R. 56(C), and Brooks filed a motion to strike Kelly's pleading, arguing that the Rules of Civil Procedure do not apply in habeas corpus actions. The court of appeals issued an order on August 15, 2014, denying the motion to strike and granting the motion for summary judgment. The case is before us on Brooks's appeal from that judgment.

*Analysis*

{¶ 5} Brooks argues that the court of appeals erred in granting summary judgment in favor of the warden under Civ.R. 56(C) because, he asserts, the Rules of Civil Procedure do not apply in habeas corpus cases. Specifically, he states that the court of appeals should have decided the case under R.C. Chapter 2725, rather than under Civ.R. 56(C). He also claims that the court of appeals erred in holding that res judicata bars this action.

{¶ 6} The Rules of Civil Procedure are generally applicable in original actions for extraordinary writs, including habeas corpus actions. *State ex rel. Sautter v. Grey*, 117 Ohio St.3d 465, 2008-Ohio-1444, 884 N.E.2d 1062, ¶ 11, citing *State ex rel. Ahmed v. Costine*, 99 Ohio St.3d 212, 2003-Ohio-3080, 790 N.E.2d 330, ¶ 5, fn. 1 (prohibition and mandamus claims), and *Gaskins v. Shiplevy*, 74 Ohio St.3d 149, 150, 656 N.E.2d 1282 (1995) (habeas corpus claims). The court of appeals did not err by ruling on Kelly's motion for summary judgment under the Rules of Civil Procedure.

{¶ 7} The court of appeals also properly granted summary judgment to the warden based on res judicata. The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel). *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995), citing *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 254 N.E.2d 10 (1969), and *Krahn v. Kinney*, 43 Ohio St.3d 103, 107, 538 N.E.2d 1058 (1989). With regard to claim preclusion, a final judgment or decree rendered on the merits by a court of competent jurisdiction is a complete bar to any subsequent action on the same claim between the same parties or those in privity with them. *Id.*, citing *Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943), paragraph one of the syllabus, and *Whitehead*, paragraph one of the syllabus. Moreover, an existing final judgment or decree between the parties is conclusive as to all claims that were or might have been litigated in a first lawsuit. *Id.* at 382, citing *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990). " 'The doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it.' " *Id.* at 382, quoting *Natl. Amusements* at 62.

{¶ 8} Brooks has filed several actions prior to this one, including an action in habeas corpus in this court in 2013. In that case, his complaint not only brought up the same issues, it is virtually identical to the complaint in this case. We dismissed that complaint. His claims are therefore res judicata, and the court of appeals was correct to grant summary judgment in this case.

{¶ 9} Moreover, even if we could reach the merits of Brooks's arguments, he has not shown that he is entitled to habeas corpus relief. In general, habeas

corpus is proper in the criminal context only if the petitioner is entitled to immediate release from prison or some other physical confinement. *Scanlon v. Brunsman,* 112 Ohio St.3d 151, 2006-Ohio-6522, 858 N.E.2d 411, ¶ 4, citing *Crase v. Bradshaw,* 108 Ohio St.3d 212, 2006-Ohio-663, 842 N.E.2d 513, ¶ 5, and *State ex rel. Smirnoff v. Greene,* 84 Ohio St.3d 165, 167, 702 N.E.2d 423 (1998). Even if Brooks's argument is correct that his minimum term was incorrectly calculated and his first parole-hearing determination was improperly vacated, he is not entitled to immediate release, because he has not served his maximum term of life. *State ex rel. Abercrombie v. Cuyahoga Cty. Court of Common Pleas,* 141 Ohio St.3d 64, 2014-Ohio-4768, 21 N.E.3d 316, ¶ 8 ("Habeas corpus relief is not available to a prisoner who has not served his maximum sentence"); *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.,* 95 Ohio St.3d 70, 71, 765 N.E.2d 356 (2002).

{¶ 10} The court of appeals correctly granted summary judgment to the warden.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

Dwayne Brooks, pro se.

Michael DeWine, Attorney General, and Gregory T. Hartke, Assistant Attorney General, for appellee.