**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Jackson v. Ambrose,* Slip Opinion No. 2017-Ohio-8784.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8784

THE STATE EX REL. JACKSON, APPELLANT, *v.* AMBROSE, JUDGE, ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Jackson v. Ambrose,* Slip Opinion No. 2017-Ohio-8784.]**

*Mandamus—Prohibition—Court of appeals correctly granted summary judgment denying the requested writs—Judgment affirmed.*

(No. 2016-1572—Submitted June 20, 2017—Decided December 5, 2017.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 104592, 2016-Ohio-5937.

_____

**Per Curiam.**

**{¶ 1}** Appellant, Theodore R. Jackson, appeals the denial of his petition for writs of mandamus and prohibition. We affirm.

*Background*

**{¶ 2}** The evidence in the record reflects the following facts.

**{¶ 3}** On March 26, 1981, Jackson was indicted in the Cuyahoga County Court of Common Pleas for aggravated robbery. A jury convicted Jackson of that offense in June 1981. He unsuccessfully appealed his conviction to the Eighth District Court of Appeals. *State v. Jackson*, 8th Dist. Cuyahoga No. 44093, 1982 WL 2384 (June 3, 1982) ("*Jackson I*"). The appellate court later affirmed the denial of his petition for postconviction relief. *State v. Jackson*, 8th Dist. Cuyahoga No. 46251, 1983 WL 4782 (Sept. 29, 1983) ("*Jackson II*").

**{¶ 4}** On December 28, 2015, more than 34 years after his trial, Jackson filed a motion in the trial court alleging that he never received a sentencing hearing. The trial court denied the motion, noting that the journal entry of sentence indicated that there had been a sentencing hearing. On January 20, 2016, Jackson filed a combined Civ.R. 60(B) motion for relief from judgment and motion for reconsideration, arguing for the first time that the journal entry of sentence was not signed by the trial judge and lacked a file stamp from the clerk's office. The trial court denied the combined motion, calling Jackson's interpretation of the record "a fiction without legal or factual support."

**{¶ 5}** Jackson took two consolidated appeals, raising a host of issues, including claims that (1) he was never sentenced, (2) the judge never pronounced judgment or sentence in open court, rendering his sentence void, and (3) the sentencing journal entry was of questionable authenticity. The court of appeals rejected these arguments, finding that the sentencing entry indicated that a hearing had occurred, that Jackson had failed to overcome the presumption of regularity in the proceedings, and that the sentencing entry was valid. *State v. Jackson*, 8th Dist. Cuyahoga Nos. 104068 and 104450, 2016-Ohio-7308, ¶ 7, 15 ("*Jackson III*").

**{¶ 6}** On June 10, 2016, Jackson filed in the Eighth District Court of Appeals the present original action for writs of mandamus and prohibition against appellee Cuyahoga County Court of Common Pleas Judge Dick Ambrose. He alleged that the judge who presided over his 1981 jury trial had never pronounced

judgment or sentenced him, the same claims he had asserted in *Jackson III*. As proof, he submitted a transcript of the trial proceedings, which ends with the trial judge excusing the deliberating jurors for the night and instructing them to return the next morning to resume deliberations. Jackson asked the court of appeals to order Judge Ambrose to vacate Jackson's conviction and sentence. In addition, he asked for a writ of prohibition to bar Judge Ambrose from enforcing the sentence.

{¶ 7} On June 22, 2016, Jackson amended his writ complaint to add appellee Nailah K. Byrd, the Cuyahoga County Clerk of Courts, as a respondent and to state that he was seeking (1) a writ of mandamus to compel Byrd to file the complete original record of his criminal case and (2) a writ of prohibition to prevent her from refusing to file his appellate brief in *Jackson III*.

{¶ 8} Judge Ambrose and Byrd filed a joint motion for summary judgment. They attached to the motion a certified journal entry dated June 19, 1981, showing that the jury had found Jackson guilty of aggravated robbery as charged in the indictment. They also submitted a certified copy of the sentencing entry, dated June 19, 1981, imposing a prison sentence of 7 to 25 years.

{¶ 9} On September 19, 2016, the court of appeals granted the joint motion for summary judgment and denied the requested writs. The court held that Jackson was not entitled to the requested writ of mandamus because sentencing errors made by a court with proper jurisdiction cannot be remedied through an extraordinary-writ action and because Jackson had a plain and adequate remedy by way of appeal. Nor was Jackson entitled to the requested writ of prohibition, the court held, because sentencing errors do not deprive the sentencing court of jurisdiction.

{¶ 10} Jackson timely appealed to this court.

{¶ 11} Meanwhile, as the appeal in this writ action was pending in this court, Jackson was pursuing another appeal before the Eighth District. *State v. Jackson*, 8th Dist. Cuyahoga No. 104645, 2017-Ohio-107, ¶ 19 ("*Jackson IV*"). In *Jackson IV*, he again presented the same claims: that his sentence is void, that the

3

trial transcript proves that he was never convicted or sentenced, and that the sentencing entry is not authentic. *Id*. at ¶ 14-15.

{¶ 12} The court of appeals noted that it had already affirmed the validity of the sentencing entry in *Jackson III*. *Id*. at ¶ 17. The court was unimpressed by the transcript that Jackson submitted with his complaint, stating: "Jackson's submission does not prove that a verdict and sentencing never occurred. At best, the missing portions demonstrate Jackson's failure to submit the entire transcript or, alternatively, a failure to submit a copy of those portions of the transcript pertinent to this appeal." *Id*. at ¶ 19. The court summarily rejected his challenges to the valid final judgment entry as res judicata. *Id*. at ¶ 21. And the court issued a warning to Jackson:

> Jackson has continuously taxed the limited resources of this court, and other courts, through his filings of numerous appeals, motions for reconsideration and original actions. Even viewed in a light most favorable to Jackson, his court filings are neither grounded in fact, nor warranted by existing law. Jackson is hereby warned that continued filing of appeals or original actions that are not reasonably grounded in fact or warranted by existing law shall result in his being declared a vexatious litigator pursuant to Loc.App.R. 23.

(Footnote omitted.) *Id*. at ¶ 25.

*Analysis*

{¶ 13} Res judicata involves both claim preclusion and issue preclusion. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995). A final judgment rendered on the merits by a court of competent jurisdiction is a complete bar to any subsequent action on the same claim between the same parties or those

in privity with them. *Brooks v. Kelly*, 144 Ohio St.3d 322, 2015-Ohio-2805, 43 N.E.3d 385, ¶ 7.

{¶ 14} Under Civ.R. 56(C), summary judgment is warranted if (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach a conclusion only in favor of the moving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). As the moving parties, Judge Ambrose and Byrd bore the burden of showing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10.

{¶ 15} With one possible exception, the precise claims Jackson is making in the present case have already been rejected at least once before, in *Jackson III*. The parties are not precisely the same: the state was the adverse party in the two prior cases, whereas this case involves Judge Ambrose. But even assuming that, as state actors, they are not the same party, privity still exists because they share "a mutuality of interest, including an identity of desired result"—in this case, preserving the finality of Jackson's conviction, *Brown v. Dayton*, 89 Ohio St.3d 245, 248, 730 N.E.2d 958 (2000).

{¶ 16} The only issue Jackson raises in the present case that may not have been litigated in *Jackson III* is his allegation that the jury never actually rendered a verdict against him. But summary judgment was proper on that claim because the evidence in the record shows that the jury *did* return a verdict. As noted above, the record contains a journal entry, date-stamped June 19, 1981, memorializing the jury's verdict. And contrary to Jackson's claim that the exhibit is not authentic, the clerk of courts' website shows the return of a jury verdict finding Jackson guilty of aggravated robbery on June 18, 1981. *See* http://cpdocket.cp.cuyahogacounty.us/CR_CaseInformation_Docket.aspx?q=

QvVU14AOoRneh72KDmjY-g2 (accessed Oct. 6, 2017) (select "Criminal Search by Case" and search by "Case Year" (1981) and "Case Number" (162099)).

{¶ 17} We hold that the court of appeals correctly granted summary judgment on Jackson's petition for writs of mandamus and prohibition against Judge Ambrose.[1]  We therefore affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Theodore R. Jackson, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellees.

_____

---

[1] Because Jackson's appeal does not challenge the court of appeals' denial of his claims against Byrd, we do not address them.