[Cite as *Hinton v. Shoop*, 2018-Ohio-3647.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

MORRIS K. HINTON                          :

    Plaintiff-Appellant,              :          Case No. 17CA3619

v.                                        :
                                                     DECISION AND
TIM SHOOP, Warden,[1]                     :          JUDGMENT ENTRY

    Respondent-Appellee.             :

---

APPEARANCES:

Morris K. Hinton, Chillicothe, Ohio, pro se appellant.

Michael DeWine, Attorney General of Ohio, and Jerri L. Fosnaught, Assistant Attorney General of Ohio, Columbus, Ohio, for appellee.

---

Hoover, P.J.

{¶1}     Appellant, Morris K. Hinton ("Hinton"), appeals the judgment of the Ross County Court of Common Pleas. Respondent, Warden of the Chillicothe Correctional Institution ("Warden"), filed a motion to dismiss Hinton's petition for writ of habeas corpus, which the trial court granted. The court found that Hinton had not served his entire twenty-five year maximum sentence and was not entitled to habeas corpus relief. On appeal, Hinton challenges the trial court's grant of Warden's motion to dismiss and the denial of his petition. Because Hinton's petition for writ of habeas corpus fails on substantive grounds, we cannot conclude that the trial court erred in granting Warden's Civ.R. 12(B)(6) motion for dismissal for failure to state a claim. As such, the arguments raised by Hinton on appeal are without merit. Accordingly, the judgment of the trial court is affirmed.

---

[1] At respondent's request, the caption in this case has been updated to reflect that Tim Shoop has replaced Charlotte Jenkins as Warden of the Chillicothe Correctional Institution. App.R. 29(C)(1).

**I. Facts and Procedural History**

{¶2}    On December 19, 1994, the Hamilton County Court of Common Pleas found Hinton guilty of one count of Felonious Sexual Penetration in violation of R.C. 2907.12 (Aggravated Felony 1) and two counts of Rape in violation of R.C. 2907.02 (Aggravated Felony 1). The court sentenced Hinton to be imprisoned for a period of nine years actual to a maximum of twenty-five years on each of the three counts and ordered that the sentences run concurrently. Consequently, Hinton was incarcerated at the Chillicothe Correctional Institution with an admission date of December 27, 1994.

{¶3}    On July 25, 2016, Hinton filed a Complaint for Declaratory Judgment in the Franklin County Court of Common Pleas. In his complaint, Hinton sought an order directing the Ohio Bureau of Sentence Computation ("BOSCO") and the Ohio Department of Rehabilitation and Correction ("DRC") (collectively the "defendants") to immediately correct his end-of-sentence date to December 13, 2016 to reflect three years of "good time" credit. On February 23, 2017, the Franklin County Court of Common Pleas granted defendants' motion for summary judgment and dismissed Hinton's declaratory judgment action.

{¶4}    Hinton appealed the decision, and on January 23, 2018, the Tenth District overruled Hinton's sole assignment of error and affirmed the decision of the Franklin County Court of Common Pleas. Thereafter, Hinton filed a Motion for Reconsideration, which the Tenth District denied on March 13, 2018.

{¶5}    On July 13, 2017, Hinton filed a Petition for Writ of Habeas Corpus in the Ross County Court of Common Pleas, naming Warden as Respondent. In his petition, Hinton alleged that he had served his maximum sentence and was entitled to immediate release. Again, Hinton argued that his sentence had expired on December 13, 2016 due to his "good time" credit.

{¶6}    On August 10, 2017, Warden filed a Motion to Dismiss for failure to state a claim among other arguments. In response, Hinton filed a memorandum contra and later filed a timely Amended Petition for Writ of Habeas Corpus. Ultimately, the Ross County Court of Common Pleas granted Warden's motion and dismissed Hinton's petition on November 1, 2017. The court held that Hinton had not served his entire twenty-five year maximum sentence and was not entitled to habeas corpus relief.

{¶7}    Thereafter, Hinton timely appealed the trial court's order.[2]

## II. Assignments of Error

{¶8}    On appeal, Hinton assigns the following errors for our review:

Assignment of Error I:

The Court of Common Pleas erred to the prejudice of Petitioner and abused its discretion in granting Respondent's motion to dismiss Petitioner's petition for relief, holding Petitioner had not served his maximum sentence, and can prove no set of facts entitling him to habeas relief.

Assignment of Error II:

Did the Court of Appeals' rewrite of division (A) of 2967.19 of Ohio Revised Code in Gavrilla v. Leonard, 2002 Ohio 6144, invade the province of the legislature, when the court held that division (A) was meant solely to provide parole eligibility advancement, and not actual time off for good behavior as

---

[2] In his Notice of Appeal, Hinton named BOSCO and DRC as Respondents, although neither was named in Hinton's Petition for Writ of Habeas Corpus. *Pro se* civil litigants are bound by the same rules and procedures as those litigants who retain counsel. See *Meyers v. First Natl. Bank*, 3 Ohio App.3d 209, 210, 444 N.E.2d 412 (1981). However, to decide cases on their merits and further the interest of justice, we must give *pro se* litigants wide latitude. *Miller v. Kutschbach*, 111 Ohio App.3d 157, 159, 675 N.E.2d 1277 (1996). Therefore, we correct the title of the case to be the same as in the trial court. See App.R. 3(D); Loc.App.R. 1.

suggested by the "Title" of 2967.19? Thus, violating the Doctrine of Separation of

Powers within Ohio constitution. [sic]

Assignment of Error III:

When the application of the provisions set forth in division (A) of 2967.19 and

2967.193 of Ohio Revised Code—e.g., "Time off for good behavior"—are

applied differently to persons named in that division of both provisions, without

specific distinguishing factors or applications by the legislature (not already in the

language of the provision) violate the Equal Protection Clause of Ohio

Constitution.

### III. Standard of Review

{¶9}     "A motion to dismiss for failure to state a claim upon which relief can be granted

tests the sufficiency of the complaint." *Volbers–Klarich v. Middletown Mgt., Inc.*, 125 Ohio

St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. In order for a court to dismiss a complaint

under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear

beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle

the plaintiff to the relief sought. *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156,

2011-Ohio-4432, 956 N.E.2d 814, ¶ 12; *Rose v. Cochran*, 4th Dist. Ross No. 11CA3243, 2012-

Ohio-1729, ¶ 10. When considering a Civ.R. 12(B)(6) motion to dismiss, the trial court must

accept all factual allegations in the complaint as true and make all reasonable inferences in favor

of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753

(1988). Furthermore, the trial court "cannot rely on evidence or allegations outside the complaint

to determine a Civ.R. 12(B)(6) motion." *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206,

207, 680 N.E.2d 985 (1997).

{¶10} This same standard applies in cases involving claims for extraordinary relief, including habeas corpus. *Boles v. Knab*, 130 Ohio St.3d 339, 2011-Ohio-5049, 958 N.E.2d 554, ¶ 2. "Appellate courts review de novo a dismissal for the failure to state a claim." *Hammond v. Perry*, 4th Dist. Hocking No. 12CA27, 2013-Ohio-3683, ¶ 11; citing *Allen v. Bryan*, 4th Dist. Hocking No. 12CA15, 2013-Ohio-1917, ¶ 7; *Bartley v. Hearth & Care of Greenfield, L.L.C.*, 4th Dist. Highland No. 12CA13, 2013-Ohio-279, ¶ 11. "In other words, an appellate court affords no deference to a trial court's decision and, instead, applies its own, independent review to determine if the Civ.R. 12(B)(6) requirements were satisfied." *Hammond* at ¶ 11; citing *McDill v. Sunbridge Care Ents., Inc.*, 4th Dist. Pickaway No. 12CA8, 2013-Ohio-1618. ¶ 10; *Estep v. State*, 4th Dist. Ross No. 09CA3088, 2009-Ohio-4349, ¶ 5.

## IV. Law and Analysis

{¶11} Habeas corpus is an extraordinary remedy. A habeas corpus petition is available to any person who is "unlawfully restrained of his liberty * * * to inquire into the cause of such imprisonment, restraint, or deprivation." R.C. 2725.01. A court will grant habeas relief "in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty . . . but only where there is no adequate legal remedy, *e.g.*, appeal or post-conviction relief." *State ex re. Jackson v. McFaul*, 73 Ohio St.3d 185, 186, 1995-Ohio-228, 652 N.E.2d 746.

{¶12} In a habeas corpus action, the petitioner has the burden of establishing his right to release. *Halleck v. Koloski*, 4 Ohio St.2d 76, 77, 212 N.E.2d 601 (1965); *Yarbrough v. Maxwell*, 174 Ohio St. 287, 288, 189 N.E.2d 136 (1963). To satisfy this burden of proof, the petitioner must "state particularly the extraordinary circumstances entitling him to such relief." *State v. ex rel. Walker v. Carter,* 4th Dist. Scioto No. 00CA2740, 2001 WL 438704, *2 (Apr. 20, 2001), citing *State ex rel. Jackson v. McFaul,* 73 Ohio St.3d 185, 187, 652 N.E .2d 746 (1995).

"Unsupported conclusions are not considered admitted and are insufficient to withstand a motion to dismiss." *Walker* at *2. "[I]f the court decides that the petition states a facially valid claim, it must allow the writ. R.C. 2725.06. Conversely, if the petition states a claim for which habeas corpus relief cannot be granted, the court should not allow the writ and should dismiss the petition." *Pegan v. Crawmer*, 73 Ohio St.3d 607, 609, 653 N.E.2d 659 (1995).

{¶13}  We will address Hinton's first and second assignments of error in tandem.

{¶14}  In his first assignment of error, Hinton alleges that the trial court erred in finding that Hinton had not served his maximum sentence and Hinton could prove no set of facts entitling him to habeas relief. In his petition, Hinton argues that he has met the burden of proof through the facts of the case, a plain reading of former R.C. 2967.19, and the use of simple mathematics. In his second assignment of error, Hinton alleges that this court improperly interpreted former R.C. 2967.19 in *Gavrilla v. Leonard,* 4th Dist. Ross No. 01CA2638, 2002–Ohio–6144. According to Hinton, the language and intent of former R.C. 2967.19 suggest that good time credits "advance the end-of-sentence date" for indefinite sentences, like his own.

{¶15}  In rebuttal, Warden argues that Hinton is not entitled to a writ of habeas corpus because his maximum sentence has not expired. Warden contends that good time credit cannot be applied to reduce a prisoner's maximum sentence.

{¶16}   "An appellate court 'not only has the right, but is entrusted with the duty to examine its former decisions and, when reconciliation is impossible, to discard its former errors.' " *State v. Burton,* Franklin App. No. 06AP–690, 2007-Ohio-1941, 2007 WL 1196579, at ¶ 22, quoting *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, at ¶ 44. However, " 'any departure from the doctrine of stare decisis demands special justification.' " *Galatis* at ¶ 44, quoting *Wampler v. Higgins* (2001), 93 Ohio St.3d 111, 120, 752 N.E.2d 962.

'any departure from the doctrine of stare decisis demands special justification.' " *Galatis* at ¶ 44, quoting *Wampler v. Higgins* (2001), 93 Ohio St.3d 111, 120, 752 N.E.2d 962. There are three requirements to find "special justification" to overrule a decision: (1) the challenged decision must have been wrongly decided at the time, or changed circumstances no longer justify continued adherence to the decision; (2) the decision defies practical workability; and (3) overruling the decision will not create undue hardship for those who have previously relied upon it. *Galatis* at ¶ 48.

{¶17}  The primary goal in construing a statute is to ascertain and give effect to the intent of the legislature. *State v. Hairston,* 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 11. "Where the language of a statute is plain and ambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation. * * * An unambiguous statute is to be applied, not interpreted." *Sears v. Weimer*, 143 Ohio St. 312, 316, 55 N.E.2d 413 (1944), quoting 37 Ohio Jurisprudence, Section 278, at 514; *Slingluff v. Weaver*, 66 Ohio St. 621, 627, 64 N.E. 574 (1902) ("[I]f the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation."). When statutory language is ambiguous, the rules of statutory interpretation must be applied to determine the intent of the legislature. *Wingate v. Hordge,* 60 Ohio St.2d 55, 58, 396 N.E.2d 770 (1979).

{¶18}  Former R.C. 2967.19 provided that, "a person confined in a state correctional institution is entitled to a deduction from his *minimum or definite sentence* of thirty per cent of the sentence, prorated for each month of the sentence during which he faithfully has observed the rules of the institution." (Emphasis added.) See former R.C. 2967.13(A), Am.Sub.H.B. No. 571, 145 Ohio Laws, part IV, 6342, 6430.

{¶19} In *Gavrilla*, this Court found the language plain and unambiguous. "[F]rom a plain reading of the statute, it is clear that good time credit was only intended to reduce a prisoner's minimum, or definite sentence, not his maximum sentence." *Gavrilla v. Leonard,* 4th Dist. Ross No. 01CA2638, 2002-Ohio-6144, ¶ 11. The Ohio Supreme Court has also interpreted former R.C. 2967.19 in this way: "[N]either former R.C. 2967.19 nor former R.C. 5145.02 reduces the maximum term of [the appellant's] indeterminate sentence." *State ex rel. Bealler v. Ohio Adult Parole Auth.,* 91 Ohio St. 3d 36, 36, 2001-Ohio-231, 740 N.E.2d 1100.

{¶20} In *Gavrilla*, we also found that: "The reasoning for reducing the minimum, rather than the maximum, sentence is equally clear: the intent was to enable earlier *parole eligibility * * * .*" (Emphasis sic.) *Gavrilla* at ¶ 12; see former R.C. 2967.13. In the Committee Comment to House Bill 511, which codified former R.C. 2967.19, the committee noted that:

> This section retains existing formulae for determining the number of days by which a prisoner in the penitentiary is entitled, by virtue of his good behavior, to have his minimum sentence reduced and his date for parole consideration accordingly advanced.

{¶21} Furthermore, good time credit ceases to apply once a defendant has served his minimum sentence and has been afforded a parole hearing. *State v. Howard,* 7th Dist. Belmont No. 09BE31, 2011–Ohio–1346, ¶ 8, citing *State ex rel. Vaughn v. Money,* 104 Ohio St.3d 322, 2004–Ohio–6561, 819 N.E.2d 681, at ¶ 10 ("A contrary construction of former R.C. 2967.19 might result in inmates receiving more than the 30 percent reduction in their minimum or definite sentences, which is expressly prohibited by former R.C. 2967.19(F).").

{¶22} Here, there is insufficient justification to overrule *Gavrilla*. First, we cannot definitively conclude that *Gavrilla* was incorrectly decided. Rather, the *Gavrilla* opinion was

well reasoned and drew from the Ohio Supreme Court's decision in *Bealler* and from the plain meaning of the statute. Furthermore, we cannot say that *Gavrilla* "defies practical workability." As discussed above, a contrary construction would violate former R.C. 2967.19(F). See former R.C. 2967.19(F) ("The total of any diminution of sentence granted pursuant to division (A), (B), or (C) of this section shall not exceed, for any prisoner, thirty per cent of the minimum or definite sentence * * *."). Finally, overruling the decision would create undue hardship for those who have previously relied upon it as well-settled law.

{¶23} After reviewing only the complaint, accepting all factual allegations contained in the complaint as true, and making all reasonable inferences in favor of the non-moving party, it remains that Hinton's sentence has not expired. Therefore, Hinton did not have a claim cognizable in habeas corpus. *State ex rel. Abercrombie v. Cuyahoga Cty. Court of Common Pleas,* 141 Ohio St.3d 64, 2014-Ohio-4768, 21 N.E.3d 316, ¶ 8, quoting *Morgan v. Ohio Adult Parole Auth.,* 68 Ohio St.3d 344, 346, 626 N.E.2d 939 (1994) ("Habeas corpus relief is not available to a prisoner who has not served his maximum sentence; 'habeas corpus is available where an individual's maximum sentence has expired and he is being held unlawfully.' ").

### V. Conclusion

{¶24} For the reasons outlined above, Hinton's first and second assignments of error are overruled. Our determination that former R.C. 2967.19(A) excludes the maximum term of an indeterminate sentence is dispositive. Hinton's remaining arguments are moot. As a result, we need not address the remaining argument under Hinton's second assignment of error or the arguments under his third assignment of error. App.R. 12(A)(1)(c).

{¶25}   Therefore, we find that the trial court was correct in dismissing Hinton's petition pursuant to Warden's Civ.R. 12(B)(6) motion to dismiss. Accordingly, the judgment of the trial court is affirmed.

JUDGMENT AFFIRMED.

**<u>JUDGMENT ENTRY</u>**

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellee to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellee to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J., and McFarland, J.: Concur in Judgment and Opinion.


For the Court,


By: _____
        Marie Hoover
        Presiding Judge




**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**