[Cite as *Wilson Court 2, L.L.C. v. Suarez*, 2020-Ohio-5075.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| WILSON COURT 2, LLC | JUDGES:<br>Hon. John W. Wise, P. J.<br>Plaintiff-Appellee<br>Hon. Craig R. Baldwin, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| JOSHUA SUAREZ, et al. | Case No. 2020 CA 0004 |
| Defendants-Appellants | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  2019CV00052

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      October 26, 2020

APPEARANCES:

For Plaintiff-Appellee                For Defendants-Appellants

ERIC J. WITTENBERG                    JAMES R. HAVENS
COOK, SLADOJE & WITTENBERG            ADAM M. SCHWARTZ
5131 Post Road, Suite 100             WESLEY W. GILLILAND
Dublin, Ohio  43017                   HAVENS LIMITED
                                      141 East Town Street
MICHAEL C. COHAN                      Suite 200
ERIC J. WEISS                         Columbus, Ohio  43215
CAVITCH, FAMILO & DURKIN
1300 East Ninth Street, 20th Floor
Cleveland, Ohio  44114

*Wise, John, P. J.*

{¶1}    Appellants Joshua Suarez, Jasmine Plummer, and Lindsay Bertrand appeal the January 31, 2020, decision of the Court of Common Pleas, Morrow County, denying their motion for summary judgment on Appellee Wilson Court 2, LLC's forcible entry and detainer action.

## STATEMENT OF THE FACTS AND CASE

{¶2}    The relevant facts leading to this appeal are as follows.

{¶3}    On October 23, 2018, Plaintiff-Appellee Wilson Court 2, LLC purchased the subject property located at 7456 County Road 183, Fredericktown, Ohio, 43019, from Joshua Fichtelman for $50,000.00.

{¶4}    Joshua Fichtelman had previously purchased the subject property on October 20, 2016, for $35,000.00.

{¶5}    Defendants-Appellants Joshua Suarez, Jasmine Plummer, and Lindsay Bertrand lived with Joshua Fichtelman at the subject property and made improvements from 10/20/2016 to 10/23/2018, when it was sold.

{¶6}    Defendants-Appellants assert that Joshua Fichtelman made oral representations to them that they would have an ownership interest in the subject property. There was no agreement in writing between Defendants-Appellants and Joshua Fichtelman.

{¶7}    Defendants-Appellants did not appear in the chain of title for the subject property as having an interest in it prior to the time that Wilson Court 2, LLC purchased it on 10/23/2018.

**{¶8}** On December 14, 2018, Plaintiff-Appellee Wilson Court 2, LLC filed a Forcible Entry and Detainer action against Defendants-Appellants, Joshua Suarez, Jasmine Plummer and Lindsey Bertrand in the Morrow County Municipal Court

**{¶9}** On December 28, 2018, Defendants-Appellants filed an Answer and Counterclaim, asserting that they have an equitable interest in the subject real estate in their Counterclaim.

**{¶10}** On January 28, 2019, by agreement of the parties, the case was transferred to the Morrow County Court of Common Pleas.

**{¶11}** Plaintiff-Appellee replied to the Counterclaim and also filed a Motion for Judgment on the Pleadings. Defendants-Appellants timely responded, and a reply was filed.

**{¶12}** On May 2, 2019, the trial court granted the judgment in favor of Plaintiff-Appellee on Defendants-Appellants' Counterclaim sounding in quiet title.

**{¶13}** Defendants-Appellants then filed a *pro se* Notice of Appeal of the trial court's May 2, 2019, Judgment Entry.

**{¶14}** Plaintiff-Appellee filed two different Motions to Dismiss: one on the grounds that the Notice of Appeal was not timely filed, and the other on the grounds that the May 2, 2019, Judgment Entry is not a final, appealable order.

**{¶15}** This Court dismissed the appeal as being untimely filed, and the case was remanded to the trial court for the eviction hearing.

**{¶16}** On November 19, 2019, Defendants-Appellants filed a motion for summary judgment seeking dismissal of Plaintiff-Appellee's eviction action.

{¶17} On January 31, 2020, after full briefing, the trial court denied said Motion for Summary Judgment, finding that the doctrine of *res judicata* barred the motion, and that even if it did not, Defendants-Appellants were not entitled to an entry of summary judgment in their favor as a matter of law.

{¶18} On February 20, 2020, the trial court conducted a hearing on the Forcible Entry and Detainer action. All parties appeared, and after granting a Motion *in Limine* filed by Plaintiff-Appellee to prevent the introduction of testimony regarding any alleged ownership interest in the property by Defendants-Appellants, the trial court found that Plaintiff-Appellee holds the lawful title and right of possession to said property, and found that Defendants-Appellants were wrongfully detaining said property. The trial court then granted the eviction.

{¶19} Defendants-Appellants now appeal the trial court's January 31, 2020, decision denying their motion for summary judgment.

{¶20} The writ of restitution for the premises was stayed when Defendants-Appellants posted a supersedeas bond.

{¶21} Defendants-Appellants raise the following sole Assignment of Error:

## ASSIGNMENT OF ERROR

{¶22} "I. THE TRIAL COURT IMPROPERLY DENIED DEFENDANTS SUMMARY JUDGMENT ON PLAINTIFF'S EVICTION CLAIM."

## I.

{¶23} In their sole Assignment of Error, Appellants contend the trial court erred in denying them summary judgment on Appellee's eviction action. We disagree.

**{¶24}** In its January 31, 2020, Judgment Entry, the trial court found that Appellants' motion for summary judgment was barred by the doctrine of *res judicata* as the trial court had previously made a finding in its May 2, 2019, Judgment Entry that Appellants did not have an equitable interest in the subject real estate.

**{¶25}** The doctrine of *res judicata* provides that a final judgment rendered on the merits by a court of competent jurisdiction is a complete bar to any subsequent action on the same claim between the same parties or those in privity with them. *State ex rel. Jackson v. Ambrose*, 151 Ohio St.3d 536, 2017-Ohio-8784, 90 N.E.3d 922, ¶ 13.

**{¶26}** Here, the arguments raised in Appellants' motion for summary judgment were considered and determined by the trial court when it granted Appellee's Motion for Judgment on the Pleadings and dismissed Appellants' Counterclaim, therein finding that Appellants did not have an equitable interest in the subject real estate.

**{¶27}** "The principle of res judicata bars a subsequent action between the same parties, based upon the same cause of action, and renders the judgment in the earlier action conclusive as to all germane matters that were or could have been raised in the first action." *Byler v. Hartville Action, Inc.*, 5th Dist. Stark No. 1994CA00081, 1994WL530817, citing *State ex rel. Ohio Service Co. v. Mahoning Valley Sanitary District*, 169 Ohio St. 31, 157 N.E.2d 116 (1959) paragraph one of the syllabus.

{¶28} Appellants' sole Assignment of Error is therefore overruled.

{¶29} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Morrow County, Ohio, is hereby affirmed.

By: Wise, John, P. J.

Baldwin, J., and

Wise, Earle, J., concur.

JWW/kw 10/20